Henry Biester v. State of Nebraska.

FILED JULY 1, 1902. No. 12,676.

1. What Costs May Be Taxed Against a Defendant in a Criminal Case. The costs of prosecution which may be taxed against the defendant in a criminal case are the costs incurred in establishing guilt, and not those made in connection with an accusation shown to be groundless.

2. **What Costs May Not Be So Taxed.** Costs made by the state in a futile effort to prove that an assault was felonious can not be taxed against the defendant, although convicted of an assault and battery.

3. **Evidence:** CHARACTER OF DEFENDANT: PRESUMPTION: EVIDENCE. The general character of the defendant in a criminal case is not necessarily involved in the issue; the presumption is that his character is good; but he is not obliged to rely on this presumption; he may buttress it with evidence, and such evidence may be met by the state with opposing proof.

4. **Costs:** TAXATION. Costs properly taxable to a defendant in a criminal case are not all the costs which the person having charge of the prosecution may see fit to make, but only such as there was actual, apparent or probable necessity for incurring.

5. ———: ———: JUDICIAL DISCRETION. In determining what costs were actually, apparently or probably necessary, the district court is vested with a large discretion, which will not be interfered with if fairly exercised.

6. **Proof of Collateral Facts:** LIMITATION OF WITNESSES. It is permissible for trial courts, in the exercise of a sound discretion, to limit the number of witnesses that may be called to prove facts collateral to the main issue.

7. ———: ———: DISCRETION: ANTICIPATION. Litigants should, ordinarily, anticipate the exercise of such discretionary power.

ERROR from the district court for Fillmore county. Tried below before STUBBS, J. *Reversed.*

*F. B. Donisthrope,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

SULLIVAN, C. J.

In the district court of Fillmore county, Henry Biester was charged with a felonious assault and was tried and found guilty of an assault and battery. The court overruled a motion for a new trial and sentenced defendant to pay a fine of $50 and the costs of prosecution. The clerk of the court, acting on the suggestion of the trial judge, taxed against the state the fees and mileage of

twenty-three witnesses, who had been subpœnaed by the
state, but not called or examined at the trial. The aggre-
gate amount of such fees and mileage is $192.70. The
county attorney moved to retax these costs, and in support
of the motion filed affidavits from which it appears that
seven of the twenty-three witnesses were never intended
to be used to prove the criminal act upon which the prose-
cution was grounded. They knew nothing about the al-
leged assault and could give no testimony tending in any
degree to establish the commission of a misdemeanor. They
were subpoenaed only for the purpose of rebutting any
evidence that might be adduced to show that the protracted
illness of Henry Nachbor, the prosecuting witness, was
due in part to bad nursing. The sixteen other witnesses
constituted the state's reserve. They did not testify be-
cause the emergency in which they would be available did
not arise. They were intended to be used for the purpose
of meeting evidence which there was reason to suppose the
defendant would offer to prove his general good character.
Acting, it would seem, on the assumption that all costs
made by the state, whether necessary or unnecessary,
reasonable or unreasonable, should be taxed against the de-
fendant, the trial court sustained the motion.

We can not approve the decision nor the principle upon
which it is based. The fees and mileage of the seven wit-
nesses subpœnaed for the purpose of proving that the as-
sault was felonious should not have been charged against
the defendant, for upon that issue the state failed. There
is, it seems to us, neither reason nor justice in imposing on
a person who has committed a misdemeanor the expense
incurred by the state in a futile effort to convict him of a
felony. The costs of prosecution contemplated by the stat-
ute are in our judgment, the costs incurred in establishing
guilt, in proving a specific charge, not those made in con-
nection with a false accusation—a charge that is disproved
and shown to be groundless. If the seven witnesses had
been actually called and sworn they could have given no
testimony relevant to the issue resolved in favor of the

state; they could have contributed nothing whatever to the result of the trial. The expense incurred in bringing them to court was unnecessarily incurred; it was, according to the verdict, which is a legal verity, incurred in attempting to prove what was not true. Adjudged cases bearing directly upon the point are not at hand, but *Commonwealth v. Ewers*, 4 Gray [Mass.], 21, and *State v. O'Kane*, 23 Kan., 244, may be cited as sustaining in a general way the principle upon which our conclusion rests.

The facts found by the trial court make it certain, regardless of the general rule in such cases, that the county attorney had good reason for subpœnaing witnesses to prove that the defendant was of bad repute in the neighborhood where he lived. Biester's character was not necessarily involved in the issue; it was presumed to be good, but he was not required to rely on the presumption; he was at liberty to buttress it with evidence. Such evidence the state had, however, a right to contradict; but from the record before us, we can not believe that the county attorney acted with common prudence or discretion in summoning sixteen impeaching witnesses. Costs properly taxable to a defendant in a criminal cause are not all the costs which the person having charge of the prosecution may see fit to make, but only such as there was actual, apparent, or probable necessity for incurring. In determining what costs fall within this description, the trial court has, of course, a very large discretion, but its decision is nevertheless subject to review, and will be reversed or modified whenever it appears that there has been an abuse of the discretionary power. In this case the action of the court was based on a wrong principle. The fees and mileage of the sixteen witnesses were evidently taxed against the defendant because they had been subpœnaed and were in attendance, not because they were all supposed to be necessary for the purpose of impeachment. Trial courts usually limit the number of witnesses that may be called to prove facts collateral to the main issue; and we presume this discretionary power would have been exercised in this case

if defendant's character had been actually drawn in question. An order imposing a reasonable limitation should have been anticipated by the county attorney. He should not, we think, have subpœnaed more than seven impeaching witnesses. Nothing in the record discloses an apparent or probable necessity for more than that number. Our conclusion, therefore, is that the fees and mileage of sixteen of the twenty-three witnesses were improperly taxed against the defendant. *Ried v. State,* 19 Nebr., 695; *Mergentheim v. State,* 107 Ind., 567; *Minthon v. Lewis,* 78 Ia., 620.

The order under review is reversed and the case remanded with direction to the district court to retax the costs in conformity with the views here expressed.

REVERSED AND REMANDED.