STATE OF NEBRASKA, APPELLEE, V. DALE LEROY KONVALIN, APPELLANT.

149 N. W. 2d 755

Filed March 31, 1967. No. 36413.

Owen A. Giles, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a proceeding under the Post Conviction Act. The defendant, Dale LeRoy Konvalin, was convicted of robbery and assault with intent to commit rape. The conviction was affirmed in State v. Konvalin, 179 Neb. 95, 136 N. W. 2d 227.

The defendant filed a lengthy motion to vacate and set aside the conviction and sentence. The allegations contained in the motion may be summarized as a complaint that the defendant was denied the effective assistance of counsel. After an evidentiary hearing, at which the defendant was represented by counsel, the trial court found generally against the defendant and overruled the motion. The defendant has appealed.

The preliminary hearing in the criminal case was held on April 30, 1964. The defendant was not then represented by counsel although the hearing had been continued previously for the purpose of allowing the defendant to obtain counsel. The defendant stated that he was ready to proceed if a court reporter was obtained. A court reporter was obtained, the hearing was held, and the defendant was bound over to the district court. The defendant made no admissions and did not testify.

Under these circumstances, the failure to provide counsel for the defendant at the time of the preliminary hearing was not a denial of procedural due process or a violation of the defendant's constitutional right to the assistance of counsel. State v. Sheldon, 179 Neb. 377, 138 N. W. 2d 428.

The information was filed in the district court on May 1, 1964. On May 18, 1964, the defendant was taken before the district court for the appointment of counsel. The defendant stated that his brother was going to arrange for private counsel. The trial court appointed the public defender to represent the defendant with the understanding that the defendant could obtain private counsel if he was able to do so.

On May 26, 1964, the defendant was taken before the district court for the purpose of setting a trial date. The public defender was present. The defendant had not obtained private counsel and was complaining that his brother and niece had not been allowed to visit him. At the defendant's request the trial was continued until the fall term.

On September 9, 1964, the defendant was taken before the district court for arraignment. The defendant had not obtained private counsel and was represented by the public defender. The defendant pleaded not guilty and the case was set for trial on September 14, 1964. The trial court instructed the sheriff to allow the defendant to make whatever telephone calls he might want to make and directed the public defender to assist the plaintiff.

With the assistance of the public defender, arrangements were made for Thomas D. Carey to represent the defendant. Before Mr. Carey had an opportunity to confer with the defendant, L. S. Cornett, a bondsman, commenced an action against the defendant and caused a summons in garnishment to be served upon the sheriff. As a result of the garnishment proceeding, the sum of $370 that was in the hands of the sheriff, and available

to the defendant for the purpose of hiring counsel, became unavailable for that purpose. Mr. Carey then withdrew from the case.

The case proceeded to trial on September 15, 1964. Defendant was represented throughout the trial by the public defender. The public defender also prosecuted the appeal to this court.

The defendant asserts that the garnishment proceeding, which deprived him of funds to hire private counsel, was instigated by the county attorney's office. The record effectively disproves this assertion and further establishes that the defendant had ample time in which to arrange for private counsel. The defendant's money had been in the hands of the sheriff for about 4 months prior to the garnishment proceeding.

The important fact in this case is that the defendant was furnished the effective assistance of counsel. Able, competent counsel was available to defendant at all times after the information was filed in the district court.

The defendant makes some criticism of the way his defense was conducted, but his complaints in this regard have no substance. The record discloses that none of the contentions advanced by the defendant have any merit. The want of effective counsel is not measured alone by the result obtained. The claim of ineffective counsel in this case finds no support in the record.

The trial court allowed fees and expenses in the amount of $356.12 to the defendant's counsel appointed in this proceeding. The defendant contends that this amount should not have been included in the costs taxed against him.

The Post Conviction Act provides that: "Costs shall be taxed as in habeas corpus cases." § 29-3001, R. S. Supp., 1965. The habeas corpus statute mentions fees of the county judge, clerk, sheriff, and witnesses as costs but contains no provision regarding the appointment of counsel or allowance of fees. § 29-2824, R. R. S. 1943.

As a general rule, only those costs which are au-

thorized by statute may be taxed. State v. Jungclaus, 176 Neb. 641, 126 N. W. 2d 858. The judgment of the district court should be modified by deleting $356.12 from the amount of the costs taxed against the defendant.

The judgment of the district court as modified is affirmed.

AFFIRMED AS MODIFIED.