STATE OF NEBRASKA, APPELLEE, V. JOHN L. LOTTER, APPELLANT.
587 N.W. 2d 673

Filed January 8, 1999.   Nos. S-96-297, S-96-298, S-96-312.

James R. Mowbray and Jerry L. Soucie, of Nebraska Commission on Public Advocacy, for appellant, and, on brief, John L. Lotter, pro se.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

This matter is before us on the motion for rehearing of the appellant, John L. Lotter, regarding our opinion reported at *State v. Lotter, ante* p. 456, 586 N.W.2d 591 (1998). Lotter claims, in seeking rehearing, that we improperly addressed his claim that an ex parte communication between his trial judge and the prosecution violated his right to an impartial trial court

under the Due Process Clause of the 14th Amendment to the U.S. Constitution. This argument was not clearly set forth in Lotter's appellate brief, but for the sake of completeness, we feel it necessary to address Lotter's claim. We overrule the motion for rehearing, but after the two paragraphs under the subheading "1.1. Trial Judge's Impartiality," *id.* at 474-75, 586 N.W.2d at 610, we add the following:

> This determination, however, does not dispose of the issue. In *State v. Barker*, 227 Neb. 842, 844, 420 N.W.2d 695, 697 (1988), we noted that "consideration of questions reaching constitutional dimensions is unnecessary for disposition of Barker's appeal . . . ." The requirement in *Barker* that a judge who has participated in an ex parte communication must recuse himself or herself upon request was based upon Nebraska law, and not upon federal constitutional grounds. Thus, *Barker* and its progeny do not dispose of Lotter's claim that the ex parte communication in this case presented a threat to the impartiality of the trial court and violated his rights under the Due Process Clause of the 14th Amendment to the U.S. Constitution. Consequently, we must determine if his failure to seek recusal during trial serves as a waiver of his right to assert a due process claim on appeal.
>
> In support of his contention that his due process claim in this regard has not been waived, Lotter cites two interrelated decisions from the U.S. Court of Appeals for the Eighth Circuit for the proposition that a defendant does not waive the due process right to an impartial trial court unless the evidence shows that the defendant was personally aware of the potential bias and personally waived the right to seek recusal. See, *Dyas v. Lockhart*, 771 F.2d 1144 (8th Cir. 1985) (*Dyas II*); *Dyas v. Lockhart*, 705 F.2d 993 (8th Cir. 1983) (*Dyas I*).
>
> *Dyas I* was a postconviction action in which the petitioner claimed that the relationship between his trial court judge and the prosecuting attorneys deprived him of an impartial trial. Dyas' trial court judge was the uncle of the prosecuting attorney and the brother and father of the deputy prosecutors. *Id.* In addition, the judge's wife was

the court reporter and the prosecutor was dating and subsequently married the daughter of Dyas' defense attorney. *Dyas II*. In addition, the trial judge actually participated in obtaining certain evidence and, based on his personal knowledge, corrected a witness at trial who was testifying about the chain of custody for that evidence. The trial court divulged these facts to defense counsel and offered to recuse himself, but counsel declined recusal. *Id.*

On appeal, the Arkansas Supreme Court found that Dyas' complaint regarding these relationships was untimely and could not be raised for the first time on appeal, despite Dyas' claim that he had not personally known of the interrelationships and thus had not personally waived recusal. *Dyas v. State*, 260 Ark. 303, 539 S.W.2d 251 (1976).

On postconviction review, the Eighth Circuit found that Dyas could not have waived recusal, consistent with due process, if he had not been personally informed regarding the potential threats to the impartiality of the trial court. *Dyas II*; *Dyas I*. In *Dyas I*, the Eighth Circuit reversed the federal district court's denial of postconviction relief, remanding the cause for an evidentiary hearing on whether Dyas had personally known of the potential bias of his trial court and, if not, for hearing on whether the trial court had actually been biased against Dyas.

In *Dyas II*, the Eighth Circuit again reversed the decision of the federal district court, which had found that Dyas had not known of the trial court's relationships with the prosecution but which had evidently not conducted an inquiry into whether the trial court had actually been biased. Finally, in *Dyas v. Lockhart*, 878 F.2d 1105 (8th Cir. 1989) (*Dyas III*), the Eighth Circuit affirmed the federal district court's finding of no evidence of actual bias by the trial court.

We find no evidence in the record before us that Lotter was personally apprised of the ex parte communication at issue. Thus, Lotter has not waived his claim that the ex parte communication threatened the trial judge's impartiality in a way that violated Lotter's due process rights.

After evaluating Lotter's due process claim, we find it to be without merit. While the threat to the impartiality of the trial judge in this case, as noted above, would be sufficient under Nebraska law to require the judge's recusal upon request, it is not sufficient, under the Due Process Clause, to suggest that the trial judge "had such a strong personal or financial interest in the outcome of the trial that he was unable to hold the proper balance between the state and the accused." *Dyas I*, 705 F.2d at 997 (citing *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955)).

Moreover, our comprehensive review of the record in this case reveals no evidence of actual bias on the part of the trial court. Absent an instance of actual bias on the part of the trial court, we determine that Lotter's due process right to a fair and impartial judge was not violated. See *Dyas III*. Lotter's assignment of error is meritless.

The remainder of the opinion shall remain unmodified, resuming with the subheading "1.2. Separation of Powers" found at *State v. Lotter, ante* p. 456, 475, 586 N.W.2d 591, 610 (1998).

FORMER OPINION MODIFIED.
MOTION FOR REHEARING OVERRULED.