STATE OF NEBRASKA, APPELLEE, V. APRIL HANSEN, APPELLANT.
612 N.W.2d 477

Filed June 16, 2000.   No. S-99-1037.

William G. Line for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

After a bench trial in the Dodge County Court, April Hansen was convicted of first-offense driving while under the influence of alcoholic liquor (DUI), in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1998). Hansen appealed and filed a statement of errors with the district court, challenging the constitutionality of § 60-6,196(8), a statutory provision which mandates the sentencing court to order an alcohol assessment for a first-time offender and empowers the court to order the convicted person to follow through on the alcohol assessment results in lieu of or in addition to the statutory penalty for DUI. The district court affirmed Hansen's conviction and sentence, and she timely appealed. Hansen contends that § 60-6,196(8) is unconstitutional as cruel and unusual punishment or as a disproportionate penalty because a convicted individual could be held responsible for substantial costs and alcohol treatment obligations mandated by the recommendations in the court-ordered alcohol assessment. Because Hansen's constitutional claim is not ripe for adjudication, we do not address it. Finding plain error in the sentencing order, however, we reverse, and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 1999, Hansen was charged with DUI. She filed a motion to quash the complaint, which was overruled by the county court on May 6. At Hansen's subsequent arraignment,

she stood mute at the time of the entry of the plea, and the county court entered a plea of not guilty on her behalf and set a date for trial.

On June 4, 1999, a bench trial was held in the county court. The parties stipulated to the following facts:

> The witnesses would testify that on or about February 27, 1999, approximately 1:29 a.m., officers of the City of Fremont, while on patrol in Fremont, Dodge County, Nebraska, did observe a vehicle drive over a curb in the area of 10th Street in Fremont. They contacted the driver of the vehicle, who was later identified as the defendant. She did have an odor of alcoholic beverage emitting from her person. She did submit to and fail a field sobriety test. It was the officer's opinion that she was under the influence of alcohol. She was subsequently arrested for driving under the influence of alcohol and taken into custody, and she did subsequently submit to a chemical test of her breath, which did show the results of an Intoxilyzer 5000 of .183 grams of alcohol per two hundred and ten liters of her breath.

It was also stipulated that the events occurred in Dodge County, Nebraska. The court adjudged Hansen guilty of DUI based on the stipulated facts, and Hansen's counsel requested a presentence investigation. The court then asked whether the State had any objection to its ordering a presentence investigation, and the following colloquy occurred:

> [Prosecutor]: Your Honor, I — I don't have an objection to it, but I don't know if it's — if it's necessary. I believe this is the defendant's first conviction, and I don't know why she would not be an appropriate candidate for probation.
>
> THE COURT: Do you have a — If we went ahead and sentenced today; [defense counsel], any objection?
>
> [Defense counsel]: That's fine, your Honor, but since it is — she would be — on the State's recommendation, she's a probation candidate, and she sure is.

Instead of proceeding to sentencing, however, the court entertained a suggestion from Hansen's counsel that the court not implement the sentence of probation with its attendant condi-

tions, including revocation of Hansen's operator's license, until Hansen could get an appeal perfected and bond set. Hansen's counsel asked the court to order the effective date of the revocation of her license to be 10 days later in order to get an appeal on file so that Hansen could retain her operator's license. The court, rather than granting Hansen's request, delayed sentencing. A presentence investigation was not conducted in this matter.

At the subsequent sentencing hearing on July 16, 1999, a different county judge sentenced Hansen to a 6-month term of supervised probation. The order of probation included a $400 fine, community service, impoundment of Hansen's operator's license, and a 60-day jail sentence that was periodically reviewable by the court. Finally, paragraph 19D of the probation order mandated:

> Referral to an appropriate Substance Abuse Center for further evaluation and/or testing (at the expense of the probationer) and follow the recommendations of treatment by that agency as directed by your probation officer. (Treatment could include inpatient treatment, outpatient treatment, chemical education classes, individual/group/family counseling, AA meetings, NA meetings, etc.)

Hansen appealed, and on July 26, 1999, she filed a statement of errors in the district court for Dodge County challenging the constitutionality of § 60-6,196(8). The district court affirmed the county court's judgment on September 2. This appeal followed.

## ASSIGNMENTS OF ERROR

Hansen alleges that the district court erred (1) in not finding § 60-6,196(8) in violation of article I, § 9, of the Nebraska Constitution prohibiting cruel and unusual punishment and article I, § 15, requiring all penalties to be proportioned to the nature of the offense, and (2) in not finding that the invalid portions were an inducement to the enactment of § 60-6,196(8) and thus not severable.

## STANDARD OF REVIEW

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent

conclusion irrespective of the decision of the court below. *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999).

## ANALYSIS

### CONSTITUTIONAL ISSUE NOT RIPE FOR APPELLATE REVIEW

The Legislature, in an effort to curtail repeat occurrences of DUI, passed 1992 Neb. Laws, L.B. 291. The portion of L.B. 291 relevant to this appeal, codified at § 60-6,196(8), provides:

> Any person who has been convicted of driving while intoxicated for the first time or any person convicted of driving while intoxicated who has never been assessed for alcohol abuse *shall, during a presentence evaluation, submit to and participate in an alcohol assessment.* The alcohol assessment shall be paid for by the person convicted of driving while intoxicated. *At the time of sentencing, the judge, having reviewed the assessment results*, may then order the convicted person to follow through on the alcohol assessment results at the convicted person's expense in lieu of or in addition to any penalties deemed necessary.

(Emphasis supplied.)

Hansen argues that § 60-6,196(8) violates article I, § 9 (cruel and unusual punishment), and article I, § 15 (penalties must be proportionate to nature of offense), of the Nebraska Constitution because the statute provides no limit on the penalties that may be imposed by a sentencing judge who, having reviewed the assessment results, may then order the convicted person to follow through on the alcohol assessment at her or his expense in lieu of or in addition to any penalties deemed necessary. Hansen asserts that the statute is unconstitutional because it contains no upper limits on the time that a person could be required to spend in inpatient treatment or any limit on the cost of such treatment that the convicted person may be required to pay.

The problem in the instant case, however, is that pursuant to paragraph 19D of Hansen's order of probation, the alcohol assessment is yet to be conducted, and the record does not reveal what treatment recommendations, if any, may be directed by the probation officer or ordered by the court. Hansen's argument is essentially that because there is a *possibility* that the sentencing judge could exercise unbridled discretion, § 60-6,196(8) consti-

tutes disproportionate or cruel and unusual punishment. The first question before us, however, is whether the issue of Hansen's condition of probation is ripe for appellate review.

While not a constitutional prerequisite for jurisdiction of courts of the State of Nebraska, existence of an actual case or controversy, nevertheless, is necessary for the exercise of judicial power in Nebraska. *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997). This court decides real controversies and determines rights actually controverted, and does not address or dispose of abstract questions or issues that might arise in a hypothetical or fictitious situation or setting. *US Ecology v. State*, 258 Neb. 10, 601 N.W.2d 775 (1999); *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997). Issues which have no existence other than in the realm of the future are purely hypothetical and are not justiciable.

Although Hansen has not yet been assessed for alcohol abuse, nor ordered to follow through on any alcohol assessment recommendations, she nonetheless urges us in this context to consider the constitutionality of § 60-6,196(8). This we decline to do.

We determine that Hansen's claim is not ripe for adjudication because "it rests upon ' "contingent future events that may not occur as anticipated, or indeed may not occur at all." ' " *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998), quoting *Thomas v. Union Carbide Agric. Products Co.*, 473 U.S. 568, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985). Although Hansen has been ordered to submit to a substance abuse evaluation at her own expense and to follow the treatment recommendations as directed by her probation officer, we cannot now determine whether such a sentence constitutes disproportionate or cruel and unusual punishment because we do not know what costs she may incur or what treatment, if any, she may be directed to undergo. The contingent nature of Hansen's argument illustrates that her constitutional challenge to § 60-6,196(8) is not yet ripe for appellate review, and we decline to address it at this time.

#### Plain Error in Sentencing Order

The above determination, however, does not end our review of the instant case. Hansen has been placed in a procedural

Catch-22 by the nature of the sentencing (probation) order. The language of § 60-6,196(8) mandates that a first-time DUI offender shall, *prior to sentencing* (i.e., during a presentence evaluation), submit to and participate in an alcohol assessment. Then, *at the time of sentencing*, the judge, *having reviewed the assessment results*, may order the convicted person to follow through on the alcohol assessment results. In the instant case, however, the county court judge did not order the alcohol assessment during the presentence stage of the proceedings and, instead, ordered the alcohol assessment and any potential follow-up on the assessment recommendations as part of the sentencing (probation) order. Therein lies the problem.

First, this type of procedure is contrary to the plain language of § 60-6,196(8) and effectively denies a convicted offender his or her right to challenge the assessment results or the recommendations of the alcohol evaluator by way of appealing the final sentencing order. Second, the purpose of § 60-6,196(8) is to provide (1) an alcohol assessment to individuals who have not previously been assessed for alcohol abuse and (2) a tool for courts to review alcohol assessment results prior to sentencing in order to aid in an effective sentencing decision.

■ Plain error will be noted only where an error is evident from the record, prejudicially affects a substantial right of a litigant, and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Sims*, 258 Neb. 357, 603 N.W.2d 431 (1999); *State v. Dreimanis*, 258 Neb. 239, 603 N.W.2d 17 (1999). We determine that *in those cases where the county court orders an alcohol assessment pursuant to § 60-6,196(8)*, the court shall follow the mandated statutory procedure and order the convicted offender to participate in the alcohol assessment prior to sentencing. Thus, the county court's order directing Hansen to submit to and participate in an alcohol assessment after the date of sentencing rather than prior to sentencing constitutes plain error. The failure to order the alcohol assessment prior to the time of sentencing affects substantial rights of the litigant, both at sentencing and on appeal, and would result in damage to the reputation and fairness of the judicial process if left uncorrected. Therefore, we

reverse the order of the district court and remand the cause with directions to vacate the sentencing order of the county court and remand the cause to the county court for further sentencing proceedings consistent with this opinion.

## CONCLUSION

Hansen's constitutional challenge to § 60-6,196(8) is not yet ripe for judicial review, and we therefore decline to address the challenge in this appeal. However, because the county court committed plain error during the sentencing proceedings, we reverse the order of the district court and remand the cause with directions to vacate the sentencing order of the county court and remand the cause to the county court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.