STATE OF NEBRASKA, APPELLEE, V. JOHN GUTIERREZ, APPELLANT.

620 N.W. 2d 738

Filed January 5, 2001.    No. S-00-092.

Kirk E. Naylor, Jr., and, on brief, Gary J. Krajewski, of Krajewski Law Office, for appellant.

Don Stenberg, Attorney General, and Donald J.B. Miller for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

John Gutierrez was charged in the district court for Garden County with two counts of sexual assault in the first degree. A jury convicted him on one count but was unable to reach a verdict as to the other. The district court sentenced Gutierrez to 35 to 50 years' imprisonment, and Gutierrez appeals.

## SCOPE OF REVIEW

■ A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Lotter,* 255 Neb. 456, 586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d 673 (1999).

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of discretion. *State v. Rieger, ante* p. 519, 618 N.W.2d 619 (2000).

## FACTS

Between April 1997 and January 1998, the alleged victims in this case, S.C. and J.P., lived with Ken P., their stepfather and father, respectively, along with three other siblings. In January 1998, Ken reported alleged sexual abuse of the children by two of their uncles and their grandparents. Gutierrez is married to S.C. and J.P.'s maternal grandmother.

After being interviewed by a state patrol investigator, the children were driven to Denver, Colorado, where they were physically examined by a physician. The examination of S.C. revealed that she had been recently abused both vaginally and anally. There were no physical signs of abuse on any of the other children, although the physician was concerned by some redness near J.P.'s anus.

At trial, S.C. testified that Gutierrez had forced her to perform oral sex acts on him at his house. However, she admitted that she had twice changed her story, and she later stated that she had lied about the allegations because she was mad at Gutierrez. She also testified that her stepfather had sexually abused her. At trial, J.P. testified that Gutierrez would "[s]tick his privates up me . . . [i]n my butt." He stated that this had happened 10 or 12 times.

A number of witnesses, including a former employer, friends, and family members, testified on behalf of Gutierrez that they had witnessed normal interaction between Gutierrez and various children who were related to him, including S.C. and J.P. There was also testimony about S.C.'s fear of her stepfather. In addition, there was testimony by a neighbor about his suspicion that he had witnessed the stepfather sexually abusing S.C. in November 1997. Gutierrez testified at length and denied having ever sexually abused either S.C. or J.P. or otherwise inappropriately touching them.

The case was submitted to the jury on October 22, 1999. On October 25, the jury found Gutierrez guilty of sexual assault in the first degree on J.P. but was unable to reach a verdict on the charge regarding S.C. Gutierrez was sentenced to 35 to 50 years' imprisonment.

## ASSIGNMENTS OF ERROR

Gutierrez assigns as error the district court's (1) denying a continuance after the State filed a second amended information and endorsed a new witness on the day of trial, (2) allowing the court reporter to go into the jury room without the presence of counsel to read back testimony during deliberations, (3) not granting a new trial after possible juror contact by the prosecutor during the trial and deliberations, (4) sustaining a motion in limine prohibiting Gutierrez from introducing evidence of his character at trial, (5) sustaining a motion in limine prohibiting Gutierrez from introducing evidence that another person may have committed these acts, (6) denying Gutierrez' motion for a directed verdict of not guilty, and (7) sentencing Gutierrez to 35 to 50 years' imprisonment.

## ANALYSIS

■ Gutierrez argues that the district court erred in denying his motion for a continuance. A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d 673 (1999). A judicial abuse of discretion means that the reasons or rulings of the trial

court are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Kula, ante* p. 183, 616 N.W.2d 313 (2000).

In the original information, Gutierrez was charged with four counts of sexual assault in the first degree (one count each for four different grandchildren), kidnapping, and false imprisonment in the first degree. The kidnapping and false imprisonment charges were later dismissed. On the day of trial, the State moved to further amend the information by eliminating two counts of sexual assault in the first degree. Gutierrez requested that the district court dismiss these counts with prejudice, and the court so ordered. Gutierrez then moved for a continuance because of the amendment and the State's endorsement of a new witness. The district court denied the motion, finding that there would be no prejudice to Gutierrez by proceeding with the trial.

Gutierrez asserts that he was prejudiced by being forced to proceed to trial on the amended information. He claims that "[b]y removing two of the possible victims in this case, the [S]tate eliminated two Counts wherein victims had changed their stories a number of times and had most recently told the State that [Gutierrez] was not the perpetrator." Brief for appellant at 10.

The State argues that proceeding to trial on the second amended information was not prejudicial to Gutierrez in light of the fact that the State merely dismissed two of the four counts previously charged after the alleged victims recanted their reports of molestation. The State is essentially arguing that Gutierrez had notice of the remaining two counts and that further notice was therefore unnecessary.

A district court in its discretion may before trial permit the county attorney to amend a criminal information, provided the amendment does not change the nature or identity of the offense charged. *State v. Thielen*, 216 Neb. 119, 342 N.W.2d 186 (1983). Here, the nature or identity of the two remaining counts was not changed. Gutierrez received the benefit of having two felony counts dismissed with prejudice.

Just prior to the start of trial, the State also moved to endorse as an additional witness the booking officer on duty when Gutierrez was arrested, who was to testify as to Gutierrez' age.

The district court sustained the State's motion to endorse over Gutierrez' objection.

A trial court may allow witnesses to be endorsed after an information is filed when doing so does not prejudice the defendant in the preparation of his or her defense. *State v. Cebuhar*, 252 Neb. 796, 567 N.W.2d 129 (1997). It is clear that the late endorsement of the booking officer did not prejudice Gutierrez. She was endorsed only for the purpose of identifying his age, and her testimony was so limited. Further, Gutierrez himself testified as to his age at trial.

We conclude that the district court did not abuse its discretion in denying Gutierrez' motion for a continuance. The district court properly found that Gutierrez would not be prejudiced by proceeding on the second amended information or by the endorsement of the witness.

Gutierrez next argues that the district court erred in allowing the court reporter to go into the jury room without the presence of counsel to read back testimony during deliberations. During the course of deliberations, the jury requested transcripts of the testimony of S.C. and J.P. The district court discussed the matter with counsel and proposed that the court reporter be allowed to go into the jury room to read back the testimony, but insisted that the entirety of their testimony be read back. Counsel for both sides had no objection to this procedure. The court reporter ended up reading back S.C.'s testimony three times; J.P.'s testimony was reread two times, with some portions being reread a third time; and Gutierrez' testimony was reread once.

At oral argument before this court, Gutierrez' counsel asserted that this conduct was plain error. Plain error will be noted only where an error is evident from the record, prejudicially affects a substantial right of a litigant, and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Hansen*, 259 Neb. 764, 612 N.W.2d 477 (2000).

We reiterate that allowing a jury to rehear only portions of the evidence after the jury has commenced deliberations is not to be encouraged. See *State v. Dixon*, 259 Neb. 976, 614 N.W.2d 288 (2000). In *Dixon*, the defendant objected to the jury's request to

play back portions of a tape recording that the jury had listened to at trial. We held that previously played portions of tape recordings, like testimony of an actual witness at trial, generally should not be reheard by jurors. Jurors must rely upon their memory of what they heard the witness say, be it from a live witness or a tape recording. *Id.* In *Dixon*, we also noted that we do not ordinarily stray from the common-law rule that a trial court should not allow unrestricted review of previously played portions of a tape recording, any more than a court would allow unrestricted rereading of the testimony of an actual witness at trial, citing *State v. Jacob*, 253 Neb. 950, 574 N.W.2d 117 (1998).

When a jury makes a request to rehear certain evidence, the common-law rule requires that the trial court discover the exact nature of the jury's difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis. See *State v. Dixon, supra*. The rereading of such evidence is to be done in open court in the presence of the parties or their counsel or under other strictly controlled procedures of which the parties have been notified. *Id.* Because Gutierrez assented to this method of reading back the testimony to the jury, he has waived any objection to it on appeal. We therefore decline to find plain error in this case. A defendant in a criminal case may not take advantage of an alleged error which the defendant invited the trial court to commit. *State v. Trackwell*, 250 Neb. 46, 547 N.W.2d 471 (1996).

Gutierrez also argues that the district court erred in sentencing him to 35 to 50 years' imprisonment, which he contends is excessive and an abuse of discretion. Gutierrez was convicted of violating Neb. Rev. Stat. § 28-319 (Reissue 1995), which is a Class II felony. The permissible penalty range for a Class II felony is 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 1995).

Neb. Rev. Stat. § 29-2308 (Reissue 1995) authorizes this court to reduce a sentence that is considered excessive and render an appropriate sentence. However, sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of discretion. *State v. Rieger, ante* p. 519, 618 N.W.2d 619 (2000). An abuse of discretion takes place when the sentencing court's reasons or rul-

ings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

In sentencing Gutierrez, the district court noted that the crime committed caused serious harm to J.P., who is afraid of his family, Gutierrez, his grandmother, and his uncles. He hurts himself and anyone else with whom he comes in contact. He spreads his feces on the walls and anywhere he can when he is left alone. He victimizes his younger sister and mutilates his toys.

The district court found that this crime was committed for Gutierrez' own gratification and that Gutierrez did not act under strong provocation. The district court concluded that there were no grounds tending to excuse or justify the crime, that Gutierrez indicated no remorse, and that there was a possibility that the crime could reoccur. The district court found that due to the nature of the crime, a lesser sentence would promote disrespect for the law and depreciate the seriousness of the offense. We find no abuse of discretion in the sentence imposed.

Gutierrez' remaining assignments of error concern possible juror contact, excluded evidence, and the denial of his motion for a directed verdict. We conclude that these assignments of error are without merit. The district court found that there was no improper juror contact, and we agree. We also conclude that the district court did not err in excluding certain evidence referred to by Gutierrez and did not err in denying the motion for a directed verdict. The evidence was sufficient to sustain the conviction. We decline to discuss these assignments of error in detail.

## CONCLUSION

For the reasons set forth herein, we affirm the judgment and sentence imposed.

AFFIRMED.

HENDRY, C.J., not participating.

STEPHAN, J., concurring.

I write separately only to state my position with respect to the references to *State v. Dixon*, 259 Neb. 976, 614 N.W.2d 288 (2000), in the majority opinion. My partial dissent in that case was based upon my conclusion that because the tape-recorded telephone conversations at issue were not testimonial in nature,

the trial court did not abuse its discretion in providing playback equipment to the jury for unrestricted review of the tapes during its deliberation. In the present case, however, the evidence reread to the jury was clearly testimonial in nature, and for that reason I agree that the principles stated in *Dixon* would apply if Gutierrez had not waived objection by assenting to the rereading of testimony to the jury by the court reporter.