STATE OF NEBRASKA, APPELLEE, V.
EDWIN KULA, ALSO KNOWN AS ED KULA, APPELLANT.
635 N.W.2d 252

Filed November 2, 2001. No. S-01-044.

Mark M. Sipple, of Sipple, Hansen, Emerson & Schumacher, and Adam Sipple for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

On October 26, 2000, Edwin Kula pled no contest to a charge of manslaughter, a Class III felony, in the district court for Merrick County. His plea arose out of the April 15, 1994, death of Jerry Carlson. This is the fourth time Kula has appeared before this court regarding this incident. He was originally convicted of first degree murder and use of a weapon to commit a felony, which this court overturned in *State v. Kula*, 252 Neb. 471, 562 N.W.2d 717 (1997) (*Kula I*). Kula was then convicted of second degree murder and use of a weapon to commit a felony. This conviction was overturned by this court in *State v. Kula*, 260 Neb. 183, 616 N.W.2d 313 (2000) (*Kula II*). On December 5, 2000, Kula pled no contest to the charge of manslaughter, was sentenced by the trial court to a minimum and a maximum term of 20 years in prison, and was ordered to

pay court costs of $4,592.39. Kula appeals his sentence and the order assessing the costs of prosecution to him.

## BACKGROUND

The facts of this case are set out in detail in *Kula I.*

On October 26, 2000, pursuant to a plea agreement, Kula appeared in the district court for Merrick County, entering a plea of no contest to the reduced charge of manslaughter and giving a statement which served as the factual basis for the plea. The charge of use of a weapon to commit a felony was dismissed. On December 5, Kula was sentenced to a minimum and maximum sentence of 20 years in prison. He was also ordered to pay costs of $4,592.39. The trial court granted Kula credit for the time he had served since his arrest.

## ASSIGNMENTS OF ERROR

Kula, in the appeal of his sentence, assigns that (1) the trial court erred in assessing court costs to him and (2) the trial court erred and abused its discretion in sentencing him to a minimum and maximum sentence of 20 years in the Nebraska Penal and Correctional Complex.

## STANDARD OF REVIEW

■ In determining what costs are actually, apparently, or probably necessary, the trial court is given discretion in determining those costs, and such determination will be reversed or modified only for an abuse of discretion. See *Biester v. State*, 65 Neb. 276, 91 N.W. 416 (1902).

■ An appellate court will not disturb sentences within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2001).

## ANALYSIS

As to the first assignment of error, Kula argues that there is no rational basis for an assessment of costs of $4,592.39. He argues that no costs should be assessed to him for the first conviction because it was reversed due to prosecutorial misconduct. He also argues that he should not be assessed the costs of the second trial because "[h]e was not convicted as a result of the

second trial and the matter was reversed." Brief for appellant at 5. Kula believes that no costs should be associated with the present proceeding, wherein he entered a no contest plea to a conviction of manslaughter. At the very least, according to Kula, the matter should be remanded to the trial court for a hearing to determine the accurate amount of costs, if any, that should be assessed to him.

■ Costs are purely compensatory and are not punitive. 24 C.J.S. *Criminal Law* § 1738 (1989). Generally, the only costs which can be taxed are those authorized by statute. *State v. Konvalin*, 181 Neb. 554, 149 N.W.2d 755 (1967), *cert. denied* 389 U.S. 872, 88 S. Ct. 157, 19 L. Ed. 2d 152. A trial court may award or tax costs and apportion the same between parties on the same or adverse sides as in its discretion it may deem right and equitable. *State v. Canizales*, 240 Neb. 811, 484 N.W.2d 446 (1992). Determining what costs are actually, apparently, or probably necessary is a matter of discretion. However, the court's decision is subject to review and will be reversed or modified whenever it appears that there has been an abuse of discretionary power. *Biester v. State, supra.*

The *only* evidence in the record as to costs is the statement by the clerk of the district court as follows:

STATE OF NEBRASKA VS. EDWIN KULA a/k/a/ ED KULA
Case No. 1072-E-220,CR95-9
Appellate Court Case No. S-01-0044

|  | 1ST TRIAL |
| --- | --- |
| FEES | $1546.32 |
| DEPOSITIONS | 288.38 |
| FILING, ETC. | 60.00 |

|  | 2ND TRIAL |
| --- | --- |
| FEES | $1334.76 |
| SUPREME COURT FILING, ETC. | 177.00 |
| DEPOSITIONS | 5979.55 |
| SUPREME COURT BILL OF EXCEPTIONS | 371.25 |

| WITNESS AFFIDAVIT FOR 1ST TRIAL | $3631.00 |
| --- | --- |

Therefore, the issue is whether the trial court abused its discretion in taxing costs to Kula from the previous trials, the convictions for which were reversed.

At oral argument, neither the attorney for Kula nor the attorney for the State could reconcile the figures in the clerk's statement with the costs assessed by the court, of $4,592.39. Other than the clerk's statement, there is absolutely nothing in the record as to how the court arrived at this figure.

The State relies on Neb. Rev. Stat. § 29-2207 (Reissue 1995), which provides: "In every case of conviction of any person for any felony or misdemeanor, it shall be the duty of the court or magistrate to render judgment for the costs of the prosecution against the person convicted." The State argues that the first two trials did indeed establish Kula's guilt, despite the fact that his convictions were overturned on appeal. According to the State, court costs are part of the burden the loser must pay. Since Kula lost at trial, the State contends he is liable for the associated costs. See *State ex rel. Douglas v. Gradwohl*, 194 Neb. 745, 235 N.W.2d 854 (1975).

In *State v. Rust*, 247 Neb. 503, 528 N.W.2d 320 (1995), we held that generally a conviction reversed on appeal is nullified, and the slate is wiped clean. In *Poland v. Arizona*, 476 U.S. 147, 106 S. Ct. 1749, 90 L. Ed. 2d 123 (1986), the U.S. Supreme Court held, similar to *State v. Rust, supra*, that when a defendant obtains a reversal of his or her conviction on appeal, the original conviction is nullified, and the slate is wiped clean.

Kula's convictions in the two trials, *Kula I* and *Kula II*, were reversed on appeal, and the costs of those two proceedings cannot be assessed against Kula. We remand this matter to the trial court to determine what, if any, costs are associated with only the instant proceeding (plea of no contest to manslaughter) and to assess such unpaid costs of prosecution found against Kula.

### EXCESSIVE SENTENCE

In his second assignment of error, Kula argues that the trial court abused its discretion in sentencing him to prison for the statutory maximum, which is a minimum and maximum of 20 years. He cites several Nebraska cases where defendants were convicted of manslaughter and received lesser sentences and argues that those cases form the basis for an abuse of discretion

argument. Kula notes that this court may reduce a sentence imposed on a defendant when in its opinion the sentence is excessive, and it is the duty of this court to render such a sentence as in its opinion may be warranted by the evidence. See *State v. Sturm*, 189 Neb. 299, 202 N.W.2d 381 (1972).

An appellate court will not disturb sentences within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2001). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Gutierrez*, 260 Neb. 1008, 620 N.W.2d 738 (2001). Additionally:

> In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime.

*State v. Urbano*, 256 Neb. 194, 216, 589 N.W.2d 144, 159 (1999). In considering a sentence, a court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Kunath*, 248 Neb. 1010, 540 N.W.2d 587 (1995).

We conclude, after reviewing the record, that the trial court did not abuse its discretion in the sentence imposed, and therefore, this assignment of error is without merit.

## CONCLUSION

As to the assigned error in the assessment of court costs, we cannot determine on this record how the trial court arrived at the costs. We reverse and vacate the judgment of the trial court as to costs, and remand the cause on this issue with directions that Kula cannot be assessed any costs in *Kula I* or *Kula II*.

On the assigned error of excessive sentence, we determine that this assignment is without merit for the reason that the trial

court did not abuse its discretion in sentencing Kula to a minimum and a maximum term of 20 years in prison on the charge of manslaughter.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.