STATE OF NEBRASKA, APPELLEE, V.
KEVIN M. SMITH, APPELLANT.
695 N.W.2d 440

Filed May 3, 2005.    No. A-04-1262.

Bruce E. Stephens for appellant.

Jon Bruning, Attorney General, Susan J. Gustafson, and Matt Herstein, Senior Certified Law Student, for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Kevin M. Smith appeals from the judgment and sentence imposed after Smith pled no contest to attempted burglary. Because

(1) we find no abuse of discretion in the sentence imposed within the statutory limits or in the inclusion of expenses of extradition as taxable costs of prosecution and (2) the record is insufficient for us to review the amount of costs attributable to extradition expenses, we affirm.

## BACKGROUND

Pursuant to a plea bargain, Smith pled no contest to the amended charge of attempted burglary, a Class IV felony. The proceedings regarding the entry of Smith's plea were not included in the bill of exceptions, and thus, our information regarding the circumstances of the offense is limited to the materials contained in the presentence investigation report. Those materials relate that a series of burglaries had occurred at the business premises of Champion Home Builders (Champion).

On December 29, 2002, at approximately 6:30 in the evening, police responded to an alarm at the Champion plant and discovered Smith and a companion apparently having exited the building. In connection with the previous burglaries, tools had been taken from Champion, as well as some personal belongings from employee lockers at Champion. The police arrested Smith as he approached a location where a hole had been cut in the chain link fence surrounding Champion's building. Outside the fence, near that location, police located an automobile belonging to Smith's companion. A bag located on the ground near the left rear tire of the automobile contained tools, some of which were subsequently identified by a Champion employee as tools belonging to Champion.

In response to police questioning, Smith denied having been at Champion prior to December 29, 2002, and claimed to have discovered the hole in the fence by accident. He also claimed that he and his companion entered the building to use the bathroom. At sentencing, however, Smith's counsel denied that Smith participated in the theft of any tools from Champion and explained that Smith and his companion broke into Champion to steal some drugs from a coworker's locker.

During the sentencing proceedings, the trial court advised counsel that the court "noticed the court costs in this case were going to be $1,067.84 plus a $10 state assessment fee. And so I

went through the file and located the sheriff's itemized copies of the extradition costs involved in the case." Those materials were marked as an exhibit and "received for purposes of cost calculation." The receipts for food, lodging, fuel, parking, and toll charges, some of which are partially uncopied, total approximately $314. No other explanation appears in the record regarding the components of court costs totaling $1,067.84. Smith objected to the exhibit on the ground that extradition costs are not properly taxable as costs. The record does not contain any evidence regarding the specific location from which Smith was extradited to Nebraska; however, Smith's counsel stated during sentencing comments that Smith had been arrested in Texas on August 7, 2004, and during the colloquy with Smith's counsel regarding the exhibit of expenses described above, the trial court alluded to the sheriff's having driven to Texas to bring Smith back for the proceedings before the trial court.

The trial court sentenced Smith to 20 months' to 5 years' imprisonment with credit for 19 days' time served and taxed "court costs of $1,067.84, which includes the extradition costs plus the costs to be incurred in executing this sentence plus a state assessment fee of $10." The trial court declined to order restitution as part of the sentence.

Smith appeals. The matter was submitted without oral argument pursuant to Neb. Ct. R. of Prac. 11E(5)a (rev. 2000).

## ASSIGNMENTS OF ERROR

Smith assigns that the trial court erred in imposing an excessive sentence and in assessing costs of extradition as taxable court costs.

## STANDARD OF REVIEW

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. *State v. Worm,* 268 Neb. 74, 680 N.W.2d 151 (2004).

In determining what costs are actually, apparently, or probably necessary, the trial court is given discretion in determining those costs, and such determination will be reversed or modified whenever it appears that there has been an abuse of discretionary power. See *State v. Kula,* 262 Neb. 787, 635 N.W.2d 252 (2001).

## ANALYSIS

*Claim of Excessive Sentence.*

In support of his assignment that the trial court abused its discretion in the imposition of sentence, Smith argues that "there are hundreds of individuals sentenced every month in Nebraska that have worse [prior criminal] records." Brief for appellant at 8. Smith acknowledged in his brief that he had previous convictions for issuing a bad check, careless driving, driving under suspension, driving without proof of insurance, and driving without an operator's license. As the State responds, the record also indicates that Smith has been fined for failing to appear in court and has a history of drug abuse. Smith has admitted to smoking, snorting, and injecting methamphetamine in the past and has even stated that his reason for being involved with the present case was drug related. Smith also argues that he had a child support obligation of $465 per month and that he was willing to seek treatment for substance abuse. He also refers to the letters included in the presentence report attesting to his work ethic and character.

The trial court expressed concern with the serious nature of the current offense, the necessity of sending law enforcement officers to Texas to return Smith for the proceedings, and Smith's use of methamphetamine at the same time as he was also taking "heavy pain medication." We find no abuse of discretion in the trial court's declination to use probation or the court's imposition of the particular sentence to imprisonment which it pronounced.

*Taxation of Extradition Expenses as Costs.*

Smith also assigns as error the inclusion of costs of extradition as part of the taxable court costs. Neb. Rev. Stat. § 29-2207 (Reissue 1995) states: "In every case of conviction of any person for any felony . . . it shall be the duty of the court . . . to render judgment for the costs of prosecution against the person convicted." In determining what costs are actually, apparently, or probably necessary, the trial court is given discretion in determining those costs, and such determination will be reversed or modified only for an abuse of discretion. *State v. Kula, supra.* Costs are purely compensatory and are not punitive. *Id.*

Smith correctly cites to the rule announced in *State v. Jungclaus,* 176 Neb. 641, 126 N.W.2d 858 (1964), that costs in

criminal actions are statutory and, in the absence of a statute authorizing the taxing of specific items as costs, the power to do so does not exist. In *Jungclaus*, the Nebraska Supreme Court determined that the trial court erroneously included as taxable costs the expenses of providing a jury, including jury fees, mileage, and costs of meals for jurors.

"Costs in criminal proceedings are the charges fixed by statute necessarily incurred in the prosecution of one charged with a public offense as compensation to the officers for their services. . . . The allowance and recovery of costs [depend] entirely upon statutory provisions, which must be strictly construed." 24 C.J.S. *Criminal Law* § 1738 at 394 (1989). See, also, Annot., 65 A.L.R.2d 854 (1959) ("[i]tems of costs of prosecution for which defendant may be held").

We observe that Neb. Rev. Stat. § 29-752 (Cum. Supp. 2004) expressly contemplates the expenses of transportation in connection with an extradition, stating:

> When the punishment of the crime is the confinement of the criminal in a Department of Correctional Services adult correctional facility, the expenses shall be paid out of the state treasury on the certificate of the Governor and warrant of the State Treasurer and Director of Administrative Services. In all other cases the expenses shall be paid out of the county treasury in the county wherein the crime is alleged to have been committed. The expenses shall be the fees paid to the officers of the state on whose Governor the requisition is made and shall be equal to the mileage rate authorized in section 81-1176 for each mile which is necessary to travel in returning such prisoner.

We note that this section is part of the Uniform Criminal Extradition Act, and although the Nebraska appellate courts have not previously addressed the taxation of extradition expenses as costs of prosecution, other states have addressed the issue.

In *State v. Ryyth*, 626 N.W.2d 290 (S.D. 2001), the South Dakota Supreme Court held that moneys expended to return a defendant to South Dakota for prosecution are recoverable from the defendant as costs of prosecution under the applicable South Dakota statute. The dissent in *Ryyth* disagreed, focusing on the sentence in the South Dakota statute stating, " 'However, the

costs shall not include items of governmental expense such as juror's fees, bailiff's fees, [and] salaries and expenses of special agents . . . .' " (Emphasis omitted.) 626 N.W.2d at 294 (Sabers, J., dissenting, and citing S.D. Codified Laws § 23A-27-26 (Michie 2004)).

The South Dakota court noted that several states, under statutes awarding costs of investigation or prosecution, have held that costs of prosecution include extradition costs. See, e.g., *State v. Balsam*, 130 Ariz. 452, 636 P.2d 1234 (Ariz. App. 1981). Other states expressly provide by statute for payment by the defendant of extradition costs as a cost of prosecution. See, e.g., *State v. Garrett*, 14 Kan. App. 2d 8, 780 P.2d 168 (1989). On the other hand, in *People v. Johnson*, 175 Ill. App. 3d 908, 530 N.E.2d 627, 125 Ill. Dec. 469 (1988), an Illinois appellate court determined that a general cost statute was not sufficiently specific to include the costs of extradition.

In *Commonwealth v. Davy*, 456 Pa. 88, 317 A.2d 48 (1974), the Pennsylvania Supreme Court held that the costs of prosecution taxable to a convicted person included costs of extradition. In that case, the defendant argued that a provision of the "Uniform Extradition Act" comparable to our § 29-752 directed that costs and expenses of extradition were to be paid from the county treasury. 456 Pa. at 90, 317 A.2d at 49. The Pennsylvania court responded:

> Just as the expenses of the constable in first apprehending an accused are chargeable to the county in the first instance, but ultimately to the person convicted, so also the expenses of apprehending, through extradition, a probation violator for hearing and sentencing are costs of prosecution for which the appellant is ultimately liable, even though the initial obligation to defray the costs is upon the county.

*Id.* We believe that this principle, and the decisions of most states considering the issue, support the taxation of extradition expenses as costs of prosecution. We therefore find no abuse of discretion in the determination of the trial court that costs of prosecution include the expenses of extradition.

■ It does seem to us, however, that § 29-752 fixes the applicable amount to be taxed as the mileage at the applicable statutory rate necessarily incurred in traveling to return the

prisoner to Nebraska. We cannot determine based upon the record before us what amount relating to the expenses of extradition was included in the taxable costs assessed against Smith. Although the record does include some receipts showing actual expenses incurred for food, fuel, lodging, and the like, the record does not contain any allocation of the total costs to extradition expenses; nor does it specify the distance traveled or the applicable rate in effect at the time of accomplishment of Smith's extradition. Thus, we cannot determine whether the district court incorrectly used the amounts from the actual expenses referenced in the exhibit rather than the statutory method based on mileage, or whether, if the district court used the incorrect method of calculating extradition expenses, the incorrectly computed amount is greater than, less than, or equal to the statutory measure of necessary mileage. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Harris*, 263 Neb. 331, 640 N.W.2d 24 (2002), *reversed in part on other grounds* 267 Neb. 771, 677 N.W.2d 147 (2004). Because the record is inadequate for us to determine the amount of extradition expenses included in the sum taxed as costs of prosecution, we are unable to review that amount.

## CONCLUSION

We find no abuse of discretion in the sentence imposed by the trial court. We also find no abuse of discretion in the inclusion of extradition expenses as costs of prosecution, and the record does not present us with sufficient information to review the amount of extradition expenses taxed as costs. Accordingly, we affirm the sentence and judgment of the trial court.

AFFIRMED.