WILLIAM A. EHLERS, APPELLANT, v. LEVINA CAMPBELL, ALSO KNOWN AS ALVINA CAMPBELL, ET AL., APPELLEES.

66 N. W. 2d 585

Filed November 12, 1954. No. 33613.

*William A. Ehlers, pro se,* for appellant.

*Edgerton & Powell,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action denominated by the plaintiff as one in equity to determine lien and for foreclosure. Plaintiff, a judgment creditor, sought by the action to have his judgment declared a lien on the property involved and to secure a sale.

The defendants are Lavina Campbell, a widow, and three others, whose interest in the property will be stated later herein. The property involved is three lots and a residence thereon in Hordville, Nebraska. Issues were made and trial had resulting in a judgment for the defendants.

Plaintiff appeals. He assigns error in the trial court's holding that two of the lots were exempt as a homestead to the defendant Campbell, in denying him an attorney's fee, and in taxing all costs to him.

Defendants cross-appeal, alleging error in the court's holding that the whole of the third lot was subject to the lien of plaintiff's judgment.

We affirm the judgment of the trial court as to the questions raised by plaintiff on his appeal. We reverse and remand with directions as to the cross-appeal of defendants.

The matter comes here on the findings of fact made by the trial court. The questions presented are questions of law.

The property involved is Lots 10, 11, and 12 in Block 12, village of Hordville.

In 1912, it was conveyed to defendant Campbell and

her husband as tenants in common. That year the Campbells built a house on Lots 11 and 12, and thereafter occupied the same as their home and it was in fact their homestead. The husband died in 1921.

The undivided half interest of the husband in the fee of the premises was disposed of by will, the defendant Campbell receiving a life estate and the remainder over to named devisees.

The property remained, and now is, the homestead of the defendant Campbell.

In 1933, the plaintiff recovered a judgment against the defendant Campbell in the sum of $97.00 and costs, on a debt contracted after the death of her husband, for necessaries of life. This judgment is now in full force and effect.

Lots 11 and 12 at all times since the entry of plaintiff's judgment had a value of less than $2,000.

In 1946, the defendant Campbell conveyed her interest in the premises to the other three named defendants. This action was filed in 1948 and brought to trial in 1954.

The trial court found that plaintiff's judgment was a lien on Lot 10; and that the judgment was not and had at no time been a lien on Lots 11 and 12 because of the homestead character of the premises. The court further found that the 1946 conveyance to the other three defendants was not in fraud of creditors for the reason that the property conveyed was exempt from the lien of plaintiff's judgment. It decreed accordingly, denied attorney's fees, and taxed costs to the plaintiff.

The homestead question here presented concerns Lots 11 and 12, because of the provisions of section 40-101, R. R. S. 1943, that a homestead not exceeding in value $2,000 and not exceeding two lots within any incorporated city or village "shall be exempt from judgment liens, and from execution or forced sale, except as provided in sections 40-101 to 40-117."

Section 40-103, R. R. S. 1943, provides in part that

the homestead is subject to execution or forced sale in satisfaction of judgments obtained on debts secured by mechanics', laborers', or vendors' liens. The judgment here involved is not in that classification.

Section 40-102, R. R. S. 1943, provides that the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property. Here the homestead was selected from the property of the husband and wife which they owned as tenants in common, the court specifically finding that the one-half interest of the defendant Campbell was a part of the homestead. That finding is not challenged here.

Upon the death of Mr. Campbell, Mrs. Campbell was the owner of an undivided one-half interest in the property in fee, and by his will became the owner of a life estate in the other undivided one-half interest. She was possessed of a homestead right in all of the property.

Section 40-117, R. R. S. 1943, provides in part: "In all other cases, the homestead vests on the death of the person from whose property it was selected, in the survivor for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will."

Section 40-117, R. R. S. 1943, also provides: "In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband and wife, * * *" with exceptions not here important.

The words "in either case" refer to the selection of the homestead from the property of the husband or wife. First National Bank of Greenwood v. Reece, 64 Neb. 292, 89 N. W. 804.

Plaintiff argues that upon the death of Mr. Campbell, defendant Campbell became a single person and that the exemption above, last quoted, does not apply to debts

contracted after her husband's death.

Plaintiff relies upon Lewis v. McAdams, 130 Neb. 62, 263 N. W. 480, and Brusha v. Phipps, 86 Neb. 822, 126 N. W. 856. In the Lewis v. McAdams case, both the husband and wife were dead. The question was as to the liability of the estate of the survivor as to debts incurred by the wife after the husband's death. That question is not presented here as the wife is living and occupying the homestead premises. In Brusha v. Phipps, *supra,* the question was whether the property involved was the homestead of the deceased. It was held that it was not. Obviously, that is not this case.

In Lewis v. McAdams, *supra,* it was held that the words "such husband or wife" at the end of the last quote, refer to the title-owning spouse, whether husband or wife. Clearly the language was intended to assure that the homestead vested in the surviving spouse, free from debts of either the husband or wife contracted prior to the death of the title-holding spouse. Defendant Campbell, then, at the time of her husband's death held a fee simple title to a half interest of the property which she owned and to which the homestead right had attached, and a life estate in the other half interest to which the homestead right had attached, and which passed to and vested in her as survivor, not subject to the debts mentioned in the act. See Shearon v. Goff, 95 Neb. 417, 145 N. W. 855.

In short, defendant Campbell had a homestead right as surviving spouse in the entire property which under the provisions of section 40-101, R. R. S. 1943, was "exempt from judgment liens, and from execution or forced sale" for a debt such as is involved here.

Such a conclusion is in accord with our decisions. For instance, in Lewis v. McAdams, *supra,* we said: "It was clearly the intention of the legislature in enacting the homestead law to protect the home of the survivor during his or her lifetime." Plaintiff would have us now construe the law so as to deny that protection.

Palmer v. Sawyer, 74 Neb. 108, 103 N. W. 1088, was a case where the homestead was selected from the property belonging to a widower, the head of the family. At the time of the judgment, he was living alone in the property. It was concluded in the opinion that there is no provision in our statute for the termination of the homestead right when once acquired, except by death or voluntary action of the party acquiring it.

Accordingly, we hold that where a homestead vests in a survivor for life under the provisions of section 40-117, R. R. S. 1943, and the survivor contracts a debt which is not within the exception of section 40-103, R. R. S. 1943, and such debt is reduced to judgment, the homestead is exempt from such judgment lien and from execution or forced sale to the extent provided in section 40-101, R. R. S. 1943.

The assignment of error is not sustained.

Plaintiff next claims error in the refusal of the trial court to grant attorney's fees which he claims under the provisions of section 25-1801, R. R. S. 1943.

Plaintiff pleads that he secured a judgment for "$12.80 court costs and attorney's fees." The trial court found the amount due on the judgment as of March 1, 1954, to be $334.47, and determined it to be a first lien on Lot 10. It decreed that "plaintiff has a judgment on which there is due * * *." We need examine this contention only to point out that plaintiff did not here secure a judgment on a "claim," nor did he "recover judgment" on appeal. He secured in this action a finding of the amount due on a judgment which had already been secured in the prior action.

The rule is: "A litigant may not have an allowance of an attorney fee by the court unless it is authorized by statute or a uniform course of procedure." Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141.

Obviously, an attorney's fee is not authorized here either by statute or a uniform course of procedure.

Plaintiff further assigns error because the trial court

taxed all costs to him. He relies upon section 25-1708, R. R. S. 1943.

Generally, costs in the trial courts are allowable, of course, to a plaintiff upon a judgment in his favor in actions for the recovery of money only, or for the recovery of specific real or personal property. § 25-1708, R. R. S. 1943.

In other actions, the court may award and tax costs and apportion them between the parties on the same or adverse sides as in its discretion it may think right and equitable. § 25-1711, R. R. S. 1943.

The instant case is governed by the provisions of section 25-1711, R. R. S. 1943. We find no abuse of discretion in the taxing of costs. The error assigned is not sustained.

This brings us to defendants' cross-appeal. The trial court found that defendant Campbell was the owner in fee of an undivided one-half interest in Lot 10. Also under the finding of the court, defendant Campbell was the owner of a life estate in the remaining one-half interest in Lot 10. The trial court decreed that the judgment of plaintiff was a first lien on Lot 10. This provision of the decree is a patent error. The judgment of the district court is reversed as to that one matter and the cause remanded with directions to find that plaintiff's judgment is a lien upon the fee interest of defendant Campbell in an undivided one-half interest in Lot 10 and upon the life estate of defendant Campbell in the remaining one-half interest.

Otherwise, the judgment of the district court is affirmed.

All costs in this court are taxed to the plaintiff.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.