STATE OF NEBRASKA, APPELLEE, V. FLAVIO CANIZALES, APPELLANT.

484 N.W.2d 446

Filed May 29, 1992.    No. S-91-582.

Martin G. Cahill, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Flavio Canizales, was charged with attempted second degree murder and use of a weapon to commit a felony. In the trial court the defendant was represented by the public defender.

On November 2, 1990, the trial court authorized the defendant to take discovery depositions. On January 11, 1991, the information was dismissed on the motion of the county attorney. All costs were taxed to the State.

On April 18, 1991, the defendant filed a motion which requested that the trial court determine the "assessment of costs in this matter." On April 30, 1991, the trial court ordered that "said costs are to be paid P.D." From this order the defendant has appealed.

The order of January 11, 1991, taxing the costs to the State was correct. The order of April 30, 1991, retaxing the costs to the "P.D." was erroneous.

Neb. Rev. Stat. § 25-1711 (Reissue 1989) provides in part, "[T]he court may award and tax costs, and apportion the same between *the parties* on the same or adverse sides, as in its discretion it may think right and equitable." (Emphasis supplied.) The statute does not provide that costs may be taxed against persons who are not parties to the litigation.

*Ludwig v. Board of County Commissioners*, 170 Neb. 600, 103 N.W.2d 838 (1960), held that costs may be taxed only against parties to the litigation. *Ludwig* was an action between "residents, electors, and taxpayers in Sarpy County" and three Sarpy County commissioners who failed to comply with a redistricting statute. The trial court found that the defendant county commissioners had failed to comply with the redistricting statute; however, the trial court taxed the costs of the action to the county. This court held that the trial court was in error in taxing costs to the county because the county was not a party to the action.

In the *Ludwig* case we said:

Plaintiffs by cross-appeal also assigned and argued that

the trial court erred in finding that defendant commissioners acted in good faith, and that the trial court erred in taxing costs to the county. We agree. The costs should have been all taxed to defendants Schram, Kostal, and Krist, who were county commissioners on December 29, 1958, and who then failed and refused to comply with the statute, as they were required to do. The county was not a party in this action. We have been cited no authority, and upon diligent search have found none, which could justify taxing costs to the county, which was not a party to the litigation.

In that connection, section 25-1711, R. R. S. 1943, provides: "In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable." It deals solely with parties in the action. Also, section 25-1933, R. R. S. 1943, deals solely with such parties, and provides: "When a judgment, decree or final order is reversed, vacated or modified, the court may render judgment for all costs against the appellee or appellees or some of them, or may direct that each party pay his own costs or apportion the costs among parties or direct that judgment for costs abide the event of a new trial as, in its discretion, the equities of the cause may require." *Ludwig*, 170 Neb. at 619, 103 N.W.2d at 850.

The judgment is reversed and the cause remanded with directions to tax all costs in this matter to the State.

REVERSED AND REMANDED WITH DIRECTIONS.