IN RE INTEREST OF LISA V., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES,
APPELLANT, V. STEVEN S., APPELLEE.
529 N.W.2d 805

Filed March 14, 1995.   No. A-94-722.

Don Stenberg, Attorney General, Royce N. Harper, and Lisa Swinton and Beth Tallon, Special Assistant Attorneys General, for appellant.

Michael L. Munch, Sarpy County Attorney, and Mary Margaret Zerse Stevens for appellee.

IRWIN and MILLER-LERMAN, Judges, and MORAN, District Judge, Retired.

MORAN, District Judge, Retired.

The Nebraska Department of Social Services appeals from an order by the Sarpy County Separate Juvenile Court requiring the department to reimburse William Collamer and Diana Larsen for counseling each offered Steven S. Lisa V., Steven's daughter, was adjudicated a child under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1993), and the court ordered counseling for both Lisa and Steven. After both had participated in counseling, the court found that Steven had complied with a court-ordered plan of rehabilitation and therefore terminated its jurisdiction on April 19, 1994. On June 28, 1994, the court held a hearing to determine the extent to which Lisa's parents were to be responsible for payment of services rendered to Steven. The court ordered that the department should be responsible for the bills Steven incurred for counseling. For the reasons stated below, we reverse the court's order.

## STATEMENT OF FACTS

On September 14, 1990, the Sarpy County Attorney filed a petition alleging that Lisa V., the child of Steven S. and Rebecca V., should be adjudicated a juvenile in need under § 43-247(3)(a), upon the basis that she was homeless, destitute, or without proper parental support through neither parent's fault. Lisa was adjudicated a juvenile in need on February 19, 1992. Steven entered into a stipulation with the State, admitting that there had been a breakdown in the relationship between himself, Lisa, and Rebecca through no person's fault and that he believed it was in the best interests of all parties that they receive counseling in order to restore a normal parental relationship with Lisa. The court ordered that the Department of Social Services should have custody of Lisa and that Lisa, Rebecca, and Steven receive individual counseling.

Steven sought counseling from William Collamer and Diana

Larsen. At a review hearing on January 19, 1994, the court ordered continued counseling and ordered that "the jurisdiction of the Court in this matter shall terminate on April 19, 1994, unless application or order of the Court is sooner made to extend or terminate same." On April 19, the court held a hearing upon a motion by Lisa's guardian ad litem requesting that the court retain jurisdiction over Lisa. Upon hearing testimony and argument, the court stated, "I do not see where this court can provide any more structure or assistance . . . . Therefore, I am going to terminate jurisdiction effective today." Steven's attorney then stated to the court that Steven had trouble getting his therapy bills paid and that the court had told him at the last hearing that if he was having problems, he should address the court. The trial judge stated, "Why don't you file a separate motion." The record before us does not contain such a motion.

On June 28, 1994, the court held a hearing pursuant to Neb. Rev. Stat. § 43-290 (Reissue 1993) regarding payment of certain expenses. The court ordered that the department should reimburse Collamer and Larsen for professional services provided to Steven. The department has appealed.

## ASSIGNMENT OF ERROR

The department alleges that the juvenile court erred when it ordered the department to reimburse Collamer and Larsen for professional services provided to Steven.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the trial court's findings; however, where the evidence is in conflict, the appellate court will consider and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *In re Interest of J. T.B. and H. J. T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

## ANALYSIS

The department alleges that the juvenile court was without jurisdiction to order the department to pay for Steven's therapy, first, because the court terminated jurisdiction before it held a

§ 43-290 hearing, and second, because § 43-290 does not provide statutory authority for the juvenile court to order the department to pay for a parent's treatment. If a juvenile court has not acquired jurisdiction of a child through an adjudication hearing, then the juvenile court has no jurisdiction, i.e., no power, to order a parent to comply with a rehabilitation plan, nor does the juvenile court have any power over the parent or child at the disposition hearing unless jurisdiction is alleged and proven by new facts. See *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992).

A court gains jurisdiction over a juvenile and that juvenile's parents under § 43-247. The statute provides that the court's jurisdiction "over any individual adjudged to be within the provisions of this section shall continue until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction." The Nebraska Juvenile Code further provides that after a petition is filed alleging that the juvenile appears to be a juvenile as described in § 43-247, an adjudication hearing must be had to determine whether the juvenile court has jurisdiction over the juvenile and his or her parents. Neb. Rev. Stat. § 43-274 et seq. (Reissue 1993). After receiving evidence at the hearing, the juvenile court must make a finding as to whether the allegations in the petition have been proven by a preponderance of the evidence. § 43-279.01.

Section 43-290 provides:

> Pursuant to the petition filed by the county attorney or any reputable person in accordance with section 43-274, whenever the care or custody of a juvenile is given by the court to someone other than his or her parent, which shall include placement with a state agency, or when a juvenile is given medical, psychological, or psychiatric study or treatment under order of the court, the court shall make a determination of support to be paid by a parent for the juvenile at the same proceeding at which placement . . . is determined *or at a separate proceeding. Such proceeding, which may occur prior to, at the same time as, or subsequent to adjudication, shall be in the nature of a disposition hearing.*
>
> . . . .

The juvenile court shall *retain* jurisdiction over a parent ordered to pay support for the purpose of enforcing such support order for so long as such support remains unpaid but not to exceed ten years from the nineteenth birthday of the youngest child for whom support was ordered.

(Emphasis supplied.)

Although we read § 43-290 to permit a court to retain jurisdiction over a parent when the parent is ordered to pay for services rendered to a child, we believe the statute does not give the court power over a parent when the court either lost jurisdiction over the parent or never had jurisdiction over the parent in the first place. If the special proceeding to allocate costs is to be in the nature of a disposition proceeding, and under *In re Interest of D.M.B., supra*, a juvenile court cannot order disposition if it does not have jurisdiction over the parties, then it would appear that under § 43-290, an order to pay costs must be made against only those parties over whom the court currently has jurisdiction, and on behalf of only those parties over whom the court currently has jurisdiction.

A § 43-290 proceeding is unlike a proceeding for costs which follows a judgment, such as provided for in Neb. Rev. Stat. § 25-1708 (Reissue 1989). "Generally, costs in the trial courts are allowable, of course, to a plaintiff upon a judgment in his favor in actions for the recovery of money only, or for the recovery of specific real or personal property." *Ehlers v. Campbell*, 159 Neb. 328, 334, 66 N.W.2d 585, 588 (1954). "In other actions, the court may award and tax costs and apportion them between the parties on the same or adverse sides as in its discretion it may think right and equitable." *Id*. Costs may not be taxed against persons who are not parties to the litigation. *State v. Canizales*, 240 Neb. 811, 484 N.W.2d 446 (1992). Costs of trial and attorney fees may be awarded in a juvenile matter. *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986). However, the purpose of § 43-290 is "to promote parental responsibility and to provide for the most equitable use and availability of public money." § 43-290. The cost of a juvenile's treatment and the decision regarding who shall bear such cost are considered at a dispositional hearing, at which parental responsibility and the best interests of the child are weighed.

Nor can we characterize the juvenile court's action in this case as a modification of its own judgment. In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered. *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981). However, a juvenile court is not a court of general jurisdiction and therefore is not empowered to modify or vacate its own judgments during the term in which they are rendered. An order terminating the jurisdiction of the juvenile court is a final, appealable order. *In re Interest of L.P. and R.P.*, 240 Neb. 112, 480 N.W.2d 421 (1992). If the parties in the present case believed the juvenile court erred when it terminated jurisdiction because it did not dispose of the matter of Steven's therapy, any one of the parties could have filed a motion for new trial within 10 days of the order terminating jurisdiction.

An order requiring the department to pay for services rendered to a juvenile's father constitutes a disposition. *In re Interest of M.J.B.*, 242 Neb. 671, 496 N.W.2d 495 (1993). We find that once the juvenile court terminated jurisdiction over the juvenile, and thereby over the parties, it lost its ability to order dispositional plans, including allocation of treatment costs. We therefore reverse the juvenile court's order which required the department to pay for Steven's therapy, as the juvenile court no longer had jurisdiction over the case.

REVERSED.