**In the Matter of Charles & Maria ROBERTS, Debtor.**

**Bankruptcy No. BK97–80330.**

United States Bankruptcy Court,
D. Nebraska.

July 1, 1997.

John McNamara, Omaha, NE, for Debtor.

Kathryn Derr, Omaha, NE, for trustee.

## *MEMORANDUM*

### TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on June 23, 1997, on the Trustee's Objection to Claimed Exemptions. This memorandum contains findings of fact and conclusions of law required by Fed. Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The debtors, on the petition date, were a married couple without children. They claimed a homestead exemption in certain real property which had been the residence of both of the parties prior to their marital separation and was still the residence of one of the parties on the petition date. The Chapter 7 trustee has objected to the claim of exemptions on two theories. First, the trustee suggests that married couples without children have no right to a homestead exemption under the laws of Nebraska. Second, the trustee suggests that because the

debtors were separated on the petition date and in the process of a dissolution of marriage, and because the real property was sold within weeks after the petition date, the debtors had no intent to preserve the property as a homestead and, therefore, are not eligible for such homestead exemption.

The objection of the trustee is denied.

■ As mentioned, on the petition date, the debtors were married, one debtor was residing on the premises which is claimed as a homestead, and the parties, during the marriage, had no children and no other persons who would qualify as dependents were living with the debtors.

Section 40–102 of the Nebraska Revised Statutes identifies the property available to be claimed as a homestead and a classification of the claimant.[1] A claimant may be one of two types. First, if the claimant is married, the claimant is authorized to choose the exempt property from the husband's or the wife's property. On the other hand, if the claimant is unmarried and the head of a household as defined in § 40–115, the claimant may claim the homestead from any of the claimant's separate property.

Prior to 1979, § 40–115 defined the head of a household in two different ways. First, if the claimant was a married person, the husband was identified as the head of the household. Second, every person who had residing with him or her certain classes of persons who were identified as dependents was defined as a head of a household.

In 1979, § 40–115 was amended by the Nebraska Legislature. The amendment deleted from the definition of head of household the first subsection which identified the husband as the head of household if the claimant was married. This legislation was part of an update of the Nebraska statutes whereby the legislature attempted to remove gender specific statutory references or preferences. For example, § 40–115(2) was also amended to provide that a brother of the claimant as well as an unmarried sister, could qualify as

---

**1.** All further statutory citations will be to the Nebraska Revised Statutes unless otherwise indi-   cated.

a dependent for head of household purposes. In addition, the amendment was not, in and of itself an exemption statute. That is, the subject matter was not the exemption statutes specifically, but was intended to, and did, comprehensibly deal with the gender specific references in all of the Nebraska statutes.

The deletion of the § 40–115(1) reference to the husband as head of household did not eliminate the § 40–102 provision that a claimant, if married, without reference to "head of household" status as defined in § 40–115, had a right to a homestead as defined in § 40–101. Section 40–101 refers to the terms "claimant" and "owner." Section 40–102 refers "claimant," if married, and "claimant," if not married. Only if claimant is not married does one need to refer to the definition of "head of household" in § 40–115 to determine if the claimant qualifies for the exemption.

This analysis of the statutory provisions is consistent with pre-amendment case law. In the case of *Brusha v. Phipps,* 86 Neb. 822, 126 N.W. 856 (1910), the Nebraska Supreme Court, commenting upon why a widow who had purchased a residence after the death of her husband and who had no dependents living with her was not eligible for homestead exemption, stated:

> Since she was not married, in order to entitle her to the homestead exemption, she must have been ... the head of a family...
>
> Mrs. Brusha falls within neither of the divisions. She was not married, and was not head of a family and, therefore, was not entitled to claim the property as a homestead.

*Id.* at 824, 126 N.W. 856.

Earlier, in *Palmer v. Sawyer,* 74 Neb. 108, 103 N.W. 1088 (1905), the Court, although discussing the continuing right of a widower who had qualified as a head of household at the time of purchase of the real estate, but no longer had dependents living with him, referred to the situation of a married couple with no dependents. It said,

> If the homestead in controversy had been selected from the lands of the de-

ceased wife, there could be no doubt but that, under the provision of Section 17, *supra,* on the death of the wife, the homestead right would have descended to the husband for life, whether any children had been born of the marriage or not.

*Id.* at 112, 103 N.W. 1088.

It is clear that from the early years of this century, the Nebraska Supreme Court has interpreted the homestead exemption statute to permit a married person to claim a homestead exemption simply on the basis of the marital status. It has also permitted a single person to claim the homestead exemption on the basis of qualification as a "head of family" as that term has been consistently defined in § 40–115. Therefore, with regard to the trustee objection that a married couple with no children cannot claim a homestead exemption, such objection is not well taken.

With regard to that portion of the trustee's objection concerning the assertion that a couple which is still married on the petition date but is contemplating a divorce and sale of the residence not being qualified for the homestead exemption, the trustee provides no statutory or case law authority. The parties were still married on the petition date. One of the parties still remained residing on the premises on the petition date. Shortly after the petition date, the parties agreed to a sale of the property and it has been sold. Case law in Nebraska is to the effect that once a person qualifies for the homestead exemption, that person does not lose the status of a homestead exemption claimant. The homestead can only be divested in the manner prescribed by statute. One of the first cases to suggest that this is the law was *Palmer v. Sawyer, supra.* See also, *Ehlers v. Campbell,* 159 Neb. 328, 333, 66 N.W.2d 585 (1954).

Section 40–116, even for a certain time period, protects the proceeds of the sale of a homestead, whether the sale be voluntary or for the satisfaction of a lien. Therefore, even if the homestead of the debtors had been sold prior to the petition date, but within six months thereof, the $10,000 homestead exemption amount would be protected from creditors.

In conclusion, the objection to the homestead exemption is denied.

Separate journal entry shall be filed.