IN RE INTEREST OF STEVEN K., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. STEVEN K., APPELLANT.
IN RE INTEREST OF CASSANDRA M.,
A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
CASSANDRA M., APPELLANT.
671 N.W.2d 777

Filed December 5, 2003.   Nos. S-02-941, S-02-942.

Thomas C. Riley, Douglas County Public Defender, and John J. Jedlicka for appellant Steven K.

Thomas C. Riley, Douglas County Public Defender, and Katie M. Anderson for appellant Cassandra M.

James S. Jansen, Douglas County Attorney, Jennifer L.K. Stevens, Nicole Brundo Goaley, and Matthew R. Kahler for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

HENDRY, C.J.
In these appeals, the Douglas County Separate Juvenile Court denied a juvenile's motion to terminate the court's jurisdiction

and a juvenile's petition to dismiss after each juvenile married. The Nebraska Court of Appeals reversed after determining that marriage terminates the minority of a juvenile and, therefore, ends the jurisdiction of the juvenile court. See *In re Interest of Steven K.*, 11 Neb. App. 828, 661 N.W.2d 320 (2003). We granted the State's petition for further review. We dismiss one of the appeals, and in the other, we affirm the judgment of the Court of Appeals.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *Id.*

A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id.* A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Id.* Thus, this court must first determine whether Steven K.'s appeal is moot.

In case No. S-02-941, the record before us indicates that Steven was born on July 12, 1984, and has since attained the age of 19 years. As a result, regardless of marital status, the jurisdiction of the juvenile court as to Steven has terminated pursuant to Neb. Rev. Stat. §§ 43-245 and 43-247 (Cum. Supp. 2002). As such, we determine the legal issue presented in this appeal is moot and further determine that said issue does not qualify for review under the public interest exception to the mootness doctrine.

In view of the conclusion that this case presents no justiciable issue, the appeal is dismissed.

In case No. S-02-942, having reviewed the briefs and record, and having heard oral arguments, we conclude on further review that the decision of the Court of Appeals concerning Cassandra M. in *In re Interest of Steven K., supra*, is correct and accordingly affirm the decision of the Court of Appeals.

APPEAL IN NO. S-02-941 DISMISSED.

JUDGMENT IN NO. S-02-942 AFFIRMED.

MCCORMACK, J., not participating.