IN RE INTEREST OF KEVIN K., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V. KEVIN K. AND
NEBRASKA DEPARTMENT OF HEALTH AND
HUMAN SERVICES, APPELLEES.

735 N.W.2d 812

Filed June 5, 2007.   No. A-06-447.

Kara E. Mickle and Alicia B. Henderson, Deputy Lancaster County Attorneys, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and Elizabeth Elliott for appellee Kevin K.

Jon Bruning, Attorney General, and B. Gail Steen, Special Assistant Attorney General, for appellee Nebraska Department of Health and Human Services.

INBODY, Chief Judge, and SIEVERS and MOORE, Judges.

INBODY, Chief Judge.

## INTRODUCTION

The State of Nebraska has appealed the decision of the Lancaster County Separate Juvenile Court terminating jurisdiction over Kevin K. The issue presented is whether a juvenile court which has assumed jurisdiction over a minor child for truancy issues may continue jurisdiction over that child when the basis for acquiring jurisdiction no longer exists.

### STATEMENT OF FACTS

On April 25, 2005, the juvenile court adjudicated Kevin pursuant to Neb. Rev. Stat. § 43-247(3)(b) (Reissue 2004), finding that he had been habitually truant from school. Disposition in this matter was entered on July 14. Temporary legal custody of Kevin was placed in the Nebraska Department of Health and Human Services (DHHS), and physical custody of Kevin remained with his mother. The dispositional order provided that Kevin was to "attend all scheduled classes without any truancies or tardies" and that "[a]ny illnesses shall be verified through a medical provider, school nurse or health paraprofessional." The order also provided that Kevin's mother "shall not excuse Kevin . . . from school without prior approval from [DHHS]."

On November 21, 2005, Kevin filed a motion to terminate jurisdiction based upon the fact that Kevin was 16 years old, and on November 3, Kevin's mother executed a notarized release on a form provided by the school, discontinuing Kevin's enrollment. The hearing on the motion to terminate was held on December 13. The DHHS case manager assigned to Kevin's case testified that it was DHHS' recommendation that the case be closed because it was a truancy case, Kevin was 16 years old, Kevin's mother disenrolled him from school on November 3, and truancy no longer applied. The case manager further testified that he believed it was in Kevin's best interests to close the case and that since Kevin was no longer enrolled in school, there were no further services that DHHS could provide to Kevin.

On March 14, 2006, the juvenile court sustained Kevin's motion to terminate jurisdiction, reasoning that even when a child is under the jurisdiction of the juvenile court, a parent retains the right to disenroll his or her child from school pursuant to Neb. Rev. Stat. § 79-201 (Cum. Supp. 2006), and that when a parent exercises that right, the child is no longer legally required to be enrolled in school and the juvenile court's jurisdiction should terminate where the court's jurisdiction was based solely upon the child's truancy. The court further noted:

> [I]t is clear that Kevin's best interests are not served by terminating the court's jurisdiction and dismissing the Petition. Kevin has no daily program, is not enrolled in

a GED program, is not employed and indeed has no significant work history whatsoever. Clearly such a situation does not bode well for his "development of his capacity for a healthy personality, physical well-being, and useful citizenship and to protect the public interest." Neb. Rev. Stat. §43-246 (Reissue 2004).

The State has timely appealed to this court.

## ASSIGNMENT OF ERROR

The State contends that the juvenile court erred in terminating the court's jurisdiction over Kevin for truancy issues based upon his mother's execution of a parental release to discontinue his enrollment in school pursuant to § 79-201.

## STANDARD OF REVIEW

An order terminating the jurisdiction of the juvenile court is a final, appealable order. *In re Interest of L.P. and R.P.*, 240 Neb. 112, 480 N.W.2d 421 (1992); *In re Interest of Lisa V.*, 3 Neb. App. 559, 529 N.W.2d 805 (1995).

Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the juvenile court's findings; however, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *In re Interest of Phyllisa B.*, 265 Neb. 53, 654 N.W.2d 738 (2002).

## ANALYSIS

The State contends that the juvenile court erred in terminating the court's jurisdiction over Kevin for truancy issues based upon his mother's execution of a parental release to discontinue Kevin's enrollment in school pursuant to § 79-201. The State contends that the juvenile court should have continued to exercise its jurisdiction pursuant to § 43-247.

Section 43-247 provides, in part:

Notwithstanding any disposition entered by the juvenile court under the Nebraska Juvenile Code, the juvenile court's jurisdiction over any individual adjudged to be within the provisions of this section shall continue until

the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction.

The juvenile court took jurisdiction of Kevin pursuant to § 43-247(3)(b). The statute provides, in pertinent part: "The juvenile court in each county as herein provided shall have jurisdiction of . . . [a]ny juvenile . . . who is habitually truant from home or school." Once Kevin reached the age of 16, and despite the dispositional order providing that Kevin's mother shall not excuse him from school without prior approval from DHHS, Kevin's mother executed a notarized release discontinuing his enrollment in school pursuant to § 79-201(3)(d). This section provides an exception to the compulsory education requirement where the child "[h]as reached the age of sixteen years and such child's parent or guardian has signed a notarized release discontinuing the enrollment of the child on a form provided by the school." Based upon Kevin's mother's execution of this release, the juvenile court terminated its jurisdiction over Kevin. The issue raised by this appeal is: May a juvenile court maintain jurisdiction over a minor child when the basis for acquiring jurisdiction no longer exists?

This court considered this issue in the context of a juvenile's marriage in the case *In re Interest of Steven K.*, 11 Neb. App. 828, 661 N.W.2d 320 (2003), *affirmed in part and in part dismissed* 267 Neb. 55, 671 N.W.2d 777. In *In re Interest of Steven K.*, this court held that a minor's marriage terminated the jurisdiction of the juvenile court. Our determination was based upon the language of Neb. Rev. Stat. § 43-2101 (Reissue 2004), which provides that the minority of a person under the age of 19 ends when he or she marries, and the language of § 43-247, which specifically provides that a juvenile court's jurisdiction terminates upon an individual's reaching the age of majority. Thus, the language contained in Nebraska statutes dictated both results in *In re Interest of Steven K.*: the end of a child's minority status due to marriage and the termination of the juvenile court's jurisdiction upon a child's reaching the age of majority.

A case in which a factual situation nearly identical to that of the instant case was addressed is *In Interest of C.W.*, 292 Ill. App. 3d 201, 684 N.E.2d 1076, 226 Ill. Dec. 80 (1997). In that

case, the minor child was adjudicated on the sole basis that he was a truant minor in need of supervision. Following his 16th birthday, the minor child filed a petition seeking a discharge from supervision, alleging that Illinois law no longer required him to attend school and accordingly that the trial court no longer had jurisdiction over him. The trial court denied the petition and retained jurisdiction, and the minor child appealed. The appellate court held that a minor child who is adjudicated a truant minor in need of supervision is not entitled to discharge from supervision merely by virtue of his reaching the age of 16.

In the instant case, Kevin's minority status has not ended as a result of his mother's discontinuing his enrollment from school. He remains a minor. Pursuant to § 43-247, "the juvenile court's jurisdiction over any individual adjudged to be within the provisions of this section shall continue until . . . the court . . . discharges the individual from its jurisdiction." Further, in order for a juvenile court to assume jurisdiction over a child, the State must prove a factual basis that the child falls within the asserted subsection or subsections of § 43-247. This statute does not set forth that the factual basis justifying the juvenile court's acquisition of jurisdiction must continue to exist throughout the duration of the juvenile court's exercise of that jurisdiction. Thus, a juvenile court may continue to exercise jurisdiction over a minor child even after the basis for acquiring jurisdiction no longer exists.

We note that this reading of the statute comports with the stated purposes of the Nebraska Juvenile Code, which include "[t]o assure the rights of all juveniles to care and protection and a safe and stable living environment and to development of their capacities for a healthy personality, physical well-being, and useful citizenship and to protect the public interest." Neb. Rev. Stat. § 43-246(1) (Reissue 2004).

The final question is whether it is in Kevin's best interests that the juvenile court retain jurisdiction over him. We have reviewed this case de novo, and we are in complete agreement with the juvenile court's findings:

[I]t is clear that Kevin's best interests are not served by terminating the court's jurisdiction and dismissing the Petition. Kevin has no daily program, is not enrolled in

a GED program, is not employed and indeed has no significant work history whatsoever. Clearly such a situation does not bode well for his "development of his capacity for a healthy personality, physical well-being, and useful citizenship and to protect the public interest." Neb. Rev. Stat. §43-246 (Reissue 2004).

Since termination of the juvenile court's jurisdiction is not in Kevin's best interests, we find that the court erred in terminating its jurisdiction over Kevin.

## CONCLUSION

Having determined that a juvenile court is not required to terminate its jurisdiction over a minor child even when the sole basis for the court's acquiring jurisdiction over the child no longer exists and that it is not in Kevin's best interests that the juvenile court's jurisdiction be terminated, we reverse the order of the juvenile court terminating its jurisdiction over Kevin and remand this cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

MOORE, Judge, dissenting.

I must respectfully dissent from the majority opinion. While I do not disagree with the finding of either the juvenile court or the majority opinion that the best interests of Kevin are not served by terminating jurisdiction, I believe that the plain language of the compulsory education statutes, together with the jurisdictional principles noted in *In re Interest of Steven K.*, 11 Neb. App. 828, 661 N.W.2d 320 (2003), *affirmed in part and in part dismissed* 267 Neb. 55, 671 N.W.2d 777, requires an affirmance of the trial court's dismissal of the juvenile petition in this case.

Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Johnson v. Kenney*, 265 Neb. 47, 654 N.W.2d 191 (2002); *In re Interest of Steven K., supra*. In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and

popular sense. *In re Interest of Valentin V.,* 12 Neb. App. 390, 674 N.W.2d 793 (2004).

Neb. Rev. Stat. § 79-201(3)(d) (Cum. Supp. 2004) provides an exception to the compulsory education requirement where the child "[h]as reached the age of sixteen years and such child's parent or guardian has signed a notarized release discontinuing the enrollment of the child on a form provided by the school." In the instant case, Kevin's mother signed a notarized release on a form provided by the school, discontinuing Kevin's enrollment in compliance with the statute.

The State, having a high responsibility for the education of its citizens, has the power to impose reasonable regulations for the control and duration of basic education. *State ex rel. Douglas v. Faith Baptist Church,* 207 Neb. 802, 301 N.W.2d 571 (1981). The Legislature, in the context of the law requiring children to regularly attend school, which the Legislature implicitly determined was in the best interests of children, carved out an exception, recognizing the right of a parent or guardian to disenroll a child who has reached the age of 16. The Legislature put no limitation on this right, and according to the statute's plain language, all that must occur is that the child reach age 16 and that the parent sign the required form. The effect of the majority opinion is to place a limitation on § 79-201(3)(d) by excluding children who are under the jurisdiction of the juvenile court. While this may certainly be an appropriate limitation on this section, it is for the Legislature, and not the courts, to make this decision.

Further, Kevin was adjudicated solely under Neb. Rev. Stat. § 43-247(3)(b) (Cum. Supp. 2004), whereby the court found that he had been habitually truant from school. By virtue of the execution of the release by Kevin's mother, Kevin can no longer be considered truant under the compulsory education laws. Under this circumstance, and where there is no other basis for the juvenile court's jurisdiction, the juvenile court can no longer retain jurisdiction. See *In re Interest of Steven K., supra.*

Finally, it is noteworthy that the case manager assigned to Kevin's case recommended that the case be dismissed because truancy no longer applied. The case manager further opined that it was in Kevin's best interests that the case be closed, as there

were no further services available in connection with the basis for Kevin's adjudication.

For the foregoing reasons, I would affirm the decision of the juvenile court terminating its jurisdiction in this case.