IN RE INTEREST OF KEVIN K., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V. KEVIN K.
AND NEBRASKA DEPARTMENT OF HEALTH
AND HUMAN SERVICES, APPELLEES.

742 N.W.2d 767

Filed December 21, 2007.    No. S-06-447.

Kara E. Mickle and Alicia B. Henderson, Deputy Lancaster County Attorneys, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and Elizabeth Elliott, for appellee Kevin K.

Jon Bruning, Attorney General, and B. Gail Steen, Special Assistant Attorney General, for appellee Nebraska Department of Health and Human Services.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Applying a best interests test, a divided panel of the Nebraska Court of Appeals held in this case that the separate juvenile court of Lancaster County erred in terminating its jurisdiction of a juvenile previously adjudicated for habitual truancy.[1] After the juvenile reached the age of 16, his mother authorized discontinuance of his enrollment in school pursuant to Neb. Rev. Stat. § 79-201 (Cum. Supp. 2006). On further review, we conclude that because the lawful discontinuation of school enrollment necessarily ended the juvenile's status as a truant, which was the sole basis for his adjudication, the juvenile court did not err in concluding that it was no longer necessary or appropriate to exercise its jurisdiction.

## BACKGROUND

The State of Nebraska, through the Lancaster County Attorney, commenced this juvenile proceeding by filing a truancy petition in the separate juvenile court on March 22, 2005. The State alleged that Kevin K. had been truant from school on various dates in January and February 2005. Kevin, born on August 21, 1989, was 15 years old when the action was commenced. He resided with his mother in Lincoln, Nebraska.

At an adjudication hearing on April 22, 2005, Kevin admitted the allegations of truancy in his mother's presence and with her consent. He was adjudicated pursuant to Neb. Rev. Stat.

---

[1] *In re Interest of Kevin K.*, 15 Neb. App. 641, 735 N.W.2d 812 (2007).

§ 43-247(3)(b) (Reissue 2004) based upon a finding by the juvenile court that he had been habitually truant from school as alleged in the petition. The juvenile court placed Kevin in the temporary legal custody of the Nebraska Department of Health and Human Services (DHHS) and ordered that he participate in a summer school program if it could be arranged by DHHS and that he cooperate with any evaluations arranged by DHHS. Following a disposition hearing at which it received and considered a report and evaluation submitted by DHHS, the juvenile court entered an order on July 14, 2005, in which it concluded that "returning legal custody to the parent would be contrary to the welfare of the child at this time due to the need to monitor Kevin's school attendance and to provide supportive services to Kevin to assist him in correcting his truancy problem while residing in his parent's home." The court ordered Kevin to continue in the temporary legal custody of DHHS "for placement, treatment and care" while remaining in the physical custody of his mother. The order further provided that Kevin was to "attend all scheduled classes without any truancies or tardies" and that "[a]ny illnesses shall be verified through a medical provider, school nurse or health paraprofessional." Kevin's mother was ordered not to "excuse Kevin . . . from school without prior approval" of DHHS.

On November 21, 2005, Kevin filed a motion to terminate jurisdiction. He alleged that after he reached the age of 16 on August 21, his mother signed a release pursuant to § 79-201(3)(d) which discontinued his enrollment in school effective November 3. At a hearing on the motion, the DHHS caseworker assigned to Kevin's case requested that "the case be closed" because Kevin was no longer in school and there were no further services which DHHS could provide to him. The caseworker testified that Kevin's mother discussed the release with the caseworker before signing it, explaining that she wanted to give Kevin a fresh start by allowing him to enroll in a GED program or find a job. At the time of the hearing, Kevin had done neither. The caseworker testified that he tried to discourage Kevin's mother from authorizing discontinuation of Kevin's school enrollment because he believed that remaining in school would be in Kevin's best interests; but he told

her that if she decided to do so, DHHS would ask the juvenile court to terminate jurisdiction. The caseworker testified that Kevin's mother did not need DHHS' permission to authorize discontinuation of Kevin's school enrollment when he reached the age of 16.

Kevin's mother testified that she decided to withdraw Kevin from school so that he could "explore his other options." She confirmed that despite her urging, Kevin had not enrolled in a GED program or obtained employment. Kevin testified that he planned to get a job, but had not been "in a hurry" to find one.

The juvenile court found that Kevin's best interests would not be served by a termination of jurisdiction because he "has no daily program, is not enrolled in a GED program, is not employed and indeed has no significant work history whatsoever." Referring to one of the purposes of the Nebraska Juvenile Code, the court noted that Kevin's situation "does not bode well for his 'development of his capacity for a healthy personality, physical well-being, and useful citizenship and to protect the public interest.'"[2]

However, the court concluded that a best interests standard did not apply to the termination of its jurisdiction in this case because the provision of § 79-201(3)(d) permitting a parent or custodian to authorize discontinuation of enrollment in school at the age of 16 "in effect negates his or her status or definition as a 'habitually truant' juvenile over whom the court should exercise jurisdiction under Neb. Rev. Stat. Section 43-247 (3)(b)." The court noted that this provision of the compulsory education statute made no exception for juveniles under the jurisdiction of the juvenile court and used broad language in authorizing a "parent or legal guardian" to discontinue school enrollment when the child reached the age of 16. The juvenile court concluded:

> [W]hen a youth, by virtue of a parent's exercise of a right granted by the State of Nebraska, has been lawfully withdrawn from school and is no longer legally required to be enrolled in school, it is no longer necessary nor appropriate

---

[2] See Neb. Rev. Stat. § 43-246(1) (Reissue 2004).

for the Court to exercise jurisdiction in a case based solely upon the youth's truancy.

The State, through the Lancaster County Attorney, appealed this decision to the Nebraska Court of Appeals. DHHS appeared as an appellee and argued that the decision of the juvenile court was correct and should be affirmed. In its majority opinion reversing the juvenile court's decision, the Court of Appeals reasoned that the Nebraska Juvenile Code "does not set forth that the factual basis justifying the juvenile court's acquisition of jurisdiction must continue to exist throughout the duration of the juvenile court's exercise of that jurisdiction."[3] Noting that Kevin remained a minor, and relying in part on an Illinois Court of Appeals' decision,[4] the majority reasoned that a best interests test should be applied. Adopting the findings of the juvenile court in its de novo review, the majority concluded that termination of jurisdiction was not in Kevin's best interests. It reversed, and remanded to the juvenile court for further proceedings.

A dissenting judge noted that the decision of the majority had the effect of placing a limitation on the statutory right of a parent to authorize discontinuance of a 16-year-old child's school enrollment "by excluding children who are under the jurisdiction of the juvenile court."[5] The dissent reasoned that while such a limitation may be appropriate, "it is for the Legislature, and not the courts, to make this decision."[6] The dissent concluded that because Kevin's mother had authorized discontinuation of his school enrollment, Kevin could no longer be considered truant, and that the sole basis for the exercise of the juvenile court's jurisdiction had ceased to exist.

We granted a petition for further review filed jointly by Kevin and DHHS.

---

[3] *In re Interest of Kevin K., supra* note 1, 15 Neb. App. at 645, 735 N.W.2d at 816.

[4] *In Interest of C.W.*, 292 Ill. App. 3d 201, 684 N.E.2d 1076, 226 Ill. Dec. 80 (1997).

[5] *In re Interest of Kevin K., supra* note 1, 15 Neb. App. at 647, 735 N.W.2d at 817 (Moore, Judge, dissenting).

[6] *Id.*

## ASSIGNMENT OF ERROR

Kevin and DHHS contend, restated, that the Nebraska Court of Appeals erred in concluding that § 43-247 requires a juvenile court to retain jurisdiction over a minor who has been adjudicated as habitually truant from school, but is subsequently withdrawn from school by a parent pursuant to § 79-201(3)(d).

## STANDARD OF REVIEW

■ Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings.[7]

■ Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[8]

## ANALYSIS

Like any juvenile truancy case, this appeal involves the interplay between the Nebraska Juvenile Code and Nebraska's compulsory education statutes. Under the code, a juvenile court may exercise jurisdiction over a juvenile who is "habitually truant from . . . school,"[9] but neither the code nor the compulsory education statutes define the term "truant." In *In re Interest of K.S.*,[10] this court held that "the mere fact that the child is not complying with the compulsory education laws without being first excused by school authorities establishes truancy" and, accordingly, jurisdiction under the truancy provisions of the Nebraska Juvenile Code. We further noted in that case that under the compulsory attendance law then in effect, only school authorities had authority to grant permission to be absent, and that thus, parental consent to an absence of a child who was legally required to attend school did not alter the fact of truancy.

Due to a subsequent amendment in the compulsory school attendance statutes, this principle no longer applies in the case of certain children who have not reached the mandatory

---

[7] *In re Interest of Jeffrey K.*, 273 Neb. 239, 728 N.W.2d 606 (2007).

[8] *Jones v. Shelter Mut. Ins. Cos.*, ante p. 186, 738 N.W.2d 840 (2007).

[9] § 43-247(3)(b).

[10] *In re Interest of K.S.*, 216 Neb. 926, 931, 346 N.W.2d 417, 420 (1984).

attendance age. Prior to 2004, Nebraska law made school attendance mandatory for any child "who is not less than seven years of age and not more than sixteen years of age."[11] In 2004, the compulsory attendance law was amended to make school attendance mandatory for children between the ages of 6 and 18 who have not obtained a high school diploma or completed a program of instruction in certain schools, subject to a parental right to withdraw a child from school when he or she reaches the age of 16.[12] The law now provides that school attendance is not mandatory where a child "[h]as reached the age of sixteen years and such child's parent or guardian has signed a notarized release discontinuing the enrollment of the child on a form provided by the school."[13] There is no statutory restriction on the right of a parent or guardian to authorize discontinuance of school enrollment for children who have reached the age of 16, and the statute makes no specific reference to children who are subject to the jurisdiction of a juvenile court when they reach that age. In its present form, the compulsory education statute can be said to articulate two related principles of public policy: (1) that it is generally in the best interest of children who have not graduated from high school or completed a program of instruction to remain in school until they reach the age of 18 and (2) that parents and guardians have an unqualified right to determine whether this general principle should apply to their 16- and 17-year-old children.

By adjudicating Kevin as a habitual truant, the juvenile court obtained jurisdiction over his mother as well.[14] Although the court ordered her not to excuse Kevin from school without prior approval of DHHS, we do not read this provision of the dispositional order as prohibiting Kevin's mother from exercising her statutory right to discontinue his school enrollment when he reached the age of 16, and we do not reach the issue of whether a juvenile court could lawfully impose such a restriction. The record reflects no judicial determination that Kevin's mother

---

[11] § 79-201 (Reissue 2003).

[12] 2004 Neb. Laws, L.B. 868, § 1.

[13] § 79-201(3)(d) (Cum. Supp. 2006).

[14] See § 43-247(5).

was unfit or legally incompetent at the time she executed the release authorizing the discontinuance of Kevin's enrollment in school. On the effective date of the release, Kevin was no longer subject to the compulsory school attendance statutes, and as a matter of law, he was no longer truant.

Truancy is not a crime, and juveniles who are adjudicated as habitually truant under § 43-247(3)(b) are considered "[s]tatus offenders" under the Nebraska Juvenile Code.[15] Kevin's status changed when his mother lawfully authorized discontinuation of his enrollment in school. Although he was still a juvenile within the meaning of the code, he was not and could never again be truant, because he was no longer subject to the compulsory education statutes. The Nebraska Juvenile Code provides that a juvenile court's jurisdiction over an adjudicated individual "shall continue until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction."[16] There is no statutory requirement that in all cases, termination of jurisdiction must be shown to be in the best interests of the juvenile.

▉ We hold that where a juvenile is adjudicated solely on the basis of habitual truancy from school pursuant to § 43-247(3)(b), and the status of truancy is subsequently terminated by the lawful execution of a parental release authorizing discontinuation of school enrollment pursuant to § 79-201(3)(d), a juvenile court may terminate its jurisdiction without a finding that such termination is in the best interests of the juvenile. We agree with the determination of the juvenile court that under the circumstances presented in this case, it is neither necessary nor appropriate to continue to exercise its jurisdiction.

## CONCLUSION

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and this matter is remanded to that court with directions to affirm the judgment of the juvenile court terminating its jurisdiction in this case.

REVERSED AND REMANDED WITH DIRECTIONS.

[15] Neb. Rev. Stat. § 43-245(15) (Reissue 2004).

[16] § 43-247.