275 Neb. 276
DALE D. CLARK, APPELLEE,
v.
LARRY L. CLARK ET AL., APPELLANTS.
No. S-06-1254.
Supreme Court of Nebraska.
Filed March 21, 2008.
Charles L. Caskey for appellants.
Jeffrey L. Hrouda for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MCCORMACK, J.

NATURE OF CASE
In 1993, Rolland L. Clark and Libbie I. Clark, husband and wife, entered into a land sale contract with their son, Larry L. Clark; Larry's wife, Reta M. Clark; and Larry's son, James D. Clark (collectively the appellants). The agreement provided that upon the death of Rolland and Libbie, one-half of the balance remaining on the agreement would be payable to Dale D. Clark, another son of Rolland and Libbie, and one-half would be payable to the appellants as joint tenants with the right of survivorship. This case involves a dispute between Dale and the appellants regarding one-half of the balance remaining on the agreement at the time of Libbie's death. The principal issue is whether one-half of the balance remaining became Dale's as a nonprobate transfer or whether it passed to Larry under the terms of Libbie's will.

BACKGROUND
On September 27, 1993, Rolland and Libbie entered into an agreement with the appellants wherein Rolland and Libbie agreed to sell approximately 140 acres of property to the appellants for $56,000. Under the terms of the agreement, the appellants agreed to pay Rolland and Libbie yearly installments of $5,600 until the principal balance was paid in full. The contract further provided:
In the event of the death of Rolland L. Clark and Libbie
I. Clark, the payments due under this agreement shall be paid one-half to Dale D. Clark and one-half to Larry L. Clark and Reta M. Clark, husband and wife, and James D. Clark, as joint tenants with right of survivorship.
On September 27, the subject property was conveyed to the appellants by a warranty deed executed by Rolland and Libbie. The deed, however, was held in escrow, along with the agreement, until performance of the terms of the agreement by the appellants.
Rolland died in 1999, and Libbie died in 2000. Libbie, who died testate, was survived by Dale, Larry, and another child, Audrey Wiegel. Under the terms of her will, Libbie devised her estate to Larry. The will provided in relevant part:
I give and devise all of the rest, residue and remainder of my estate to my son, Larry Clark, in recognition of all of the help he has given to me during my lifetime. . . .
I have previously made very generous gifts to Dale Clark and I have also helped Audrey Wiegel. For this reason, I have made no provision for them in this will.
The will also appointed Larry as personal representative of Libbie's estate.
At the time of Libbie's death, the balance remaining under the agreement was $16,900. The appellants, however, made no further payments on the agreement. Nevertheless, the appellants filed a warranty deed with the register of deeds in Stanton County on February 1, 2000.
Thereafter, Dale brought the present action to recover one-half of the balance remaining under the terms of the agreement, $8,450, plus interest. Following a trial on the matter, the county court for Stanton County entered judgment against the appellants in the amount of $11,349.19. On appeal, the district court affirmed the decision of the county court. The appellants now appeal the district court's decision.

ASSIGNMENTS OF ERROR
The appellants assert, restated, that the district court erred in affirming the county court's decision. More specifically, the appellants assert that the district court erred in affirming the county court's (1) finding that Dale is entitled to one-half of the balance of the agreement as a nonprobate transfer, (2) failure to allow the doctrine of merger, and (3) failure to find that Dale should have filed a claim in the probate of Libbie's estate.

STANDARD OF REVIEW
[1] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[1]

ANALYSIS

NONPROBATE TRANSFER
The appellants first assert that the district court erred in affirming the county court's determination that Dale is entitled to one-half of the balance remaining under the agreement as a nonprobate transfer.
Article 27 of the Nebraska Probate Code governs nonprobate transfers.[2] Section 30-2715 provides:
(a) A provision for a nonprobate transfer on death in a. . . mortgage, promissory note, certificated or uncertificated security, . . . or other written instrument of a similar nature is nontestamentary. This subsection includes a written provision that:
(1) money or other benefits due to . . . a decedent before death must be paid after the decedent's death to a person whom the decedent designates either in the instrument or in a separate writing . . . .
Under the terms of the agreement in the present case, Rolland, Libbie, and the appellants contracted for the sale of land, the balance of which was to be paid in annual installment payments. In Mackiewicz v. J.J. & Associates,[3] we addressed the nature of the contracts for the sale of land in that case and concluded that they were to be treated as mortgages. In Mackiewicz, property was sold to a purchaser under separate, recorded installment land contracts. According to the terms of the contracts, the purchaser paid money down on the property and agreed to pay the balances in three subsequent installments. The deeds for the property were placed in escrow, and under the terms of the land contracts, the warranty deeds were to be delivered to the purchaser upon payment in full of the purchase price.
We explained:
[I]t is "generally accepted that if an instrument executed by parties is intended by them as security for a debt, whatever may be its form or name, it is in equity a mortgage." . . .
As with the terms used in describing a mortgage, this court has repeatedly termed a purchaser's interest under an executory land contract as both a "security" and a "lien" upon the land.[4]
The agreement between Rolland, Libbie, and the appellants is nearly identical in nature to the land contracts at issue in Mackiewicz. According to the terms of the agreement, Rolland and Libbie agreed to sell land to the appellants. The appellants in turn agreed to pay annual installments until the principal balance was paid in full. The parties agreed that the principal balance would draw interest and that an executed warranty deed would be placed in escrow and delivered to the appellants upon performance by the appellants of the agreement. In the event of default by the appellants, the agreement provided that "the entire debt hereby secured" would become immediately due and payable and the agreement liable to foreclosure.
Section 30-2715 applies to provisions in mortgages, security, or other written instruments of a similar nature. As noted in Mackiewicz, "Because this court has uniformly recognized that a seller in a land contract retains the title as security for the unpaid purchase money and has an equitable lien on the land to the extent of the debt, a seller has, for all intents and purposes, a purchase-money mortgage."[5] Accordingly, we conclude that the transfer to Dale of one-half of the balance remaining under the agreement was a nonprobate transfer within the meaning of § 30-2715.

DOCTRINE OF MERGER
[2] The appellants next assert that the district court erred in affirming the county court's failure to allow the doctrine of merger. The record reveals that the doctrine of merger was not addressed by either the county court or the district court. An appellate court will not consider an issue on appeal that was not passed upon by the trial court.[6] Therefore, we do not address this assignment of error.

FILING OF CLAIM IN PROBATE OF LIBBIE'S ESTATE
Finally, the appellants assert that the county court erred in failing to find that Dale should have filed a claim in the probate of Libbie's estate, and that the district court erred in affirming. The transfer to Dale of one-half of the balance remaining under the agreement in this case was a nonprobate transfer. As such, it was not necessary for Dale to file a claim against Libbie's estate. We find this assignment of error to be without merit.

CONCLUSION
For the reasons discussed above, we affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] In re Interest of Kevin K., 274 Neb. 678, 742 N.W.2d 767 (2007).
[2] See Neb. Rev. Stat. §§ 30-2715 through 30-2746 (Reissue 1995).
[3] Mackiewicz v. J.J. & Associates, 245 Neb. 568, 514 N.W.2d 613 (1994).
[4] Id. at 574, 514 N.W.2d at 618-19 (citations omitted).
[5] Id. at 579, 514 N.W.2d at 621.
[6] Thorson v. Nebraska Dept. of Health & Human Servs., 274 Neb. 322, 740 N.W.2d 27 (2007).